**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL SHIELDS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MONDELEZ GLOBAL LLC,<br><br>Defendant. | CASE NO. 1:23-CV-03999 |

**NON-PARTY ERIC D. FLORES' MOTION TO INTERVENE TO OBJECT TO NON-PARTY BRYAN CAVE LEIGHTON PAISNER LLP'S MOTION FOR LEAVE TO REQUEST REASSIGNMENT AND JOINT MOTION TO CONSOLIDATE INSTANTER**

## I.     INTRODUCTION

Plaintiff Eric D. Flores ("Plaintiff Flores") seeks to intervene under Fed. R. Civ. P. 24 for the limited purpose of objecting to non-party Bryan Cave Leighton Paisner LLP's ("BCLP") *Motion for Leave to Request Reassignment and Joint Motion to Consolidate Instanter* (ECF No. 10) ("Motion").[1] Intervention is necessary because the Motion filed by BCLP unnecessarily seeks reassignment of Plaintiff Flores' case, *Flores v. Bryan Cave Leighton Paisner LLP*, No. 1:23-cv-04249 (the "*Flores* Action"), from its assigned Judge to this Court, and seeks to consolidate the *Flores* Action with four other non-related cases[2] that deliberately did not name BCLP as a

---

[1] BCLP's Motion was filed July 24, 2023, and is scheduled for hearing on July 27, 2023, at 9:00 a.m. (*see* ECF No. 11).

[2] *Shields v. Mondelez Global LLC*, No. 1:23-cv-03999 ("*Shields* Action"); *Berndt v. Mondelez Global LLC*, No. 1:23-cv-04001 ("*Berndt* Action"); *Wiacek v. Mondelez Global LLC, et al.*, No. 1:23-cv-04023 ("*Wiacek* Action"); and *Clay v. Mondelez Global LLC*, No. 1:23-cv-04402 ("*Clay* Action") (collectively, the "Related Actions").

Defendant. The proposed consolidation and reassignment are a waste of judicial resources, amount to judicial shopping, and will impair the rights of Plaintiff Flores. Thus, Plaintiff Flores seeks intervention for the limited purpose of being heard in opposition to BCLP's Motion, opposing BCLP's efforts to judicial shop, opposing reassignment of the *Flores* Action, and opposing consolidation of the *Flores* Action with four unrelated actions with no common defendants.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Flores' underlying lawsuit stems from a data breach where BCLP failed to protect and safeguard the personally identifiable information ("PII") of Plaintiff Flores and other similarly situated individuals. BCLP collected Plaintiff Flores' and the Class's PII through legal services BCLP provided to Mondelez Global LLC ("Mondelez"). However, BCLP was the source of the data breach and was responsible for maintaining adequate cyber security. Due to BCLP's negligence and inadequate data security and infrastructure, Plaintiff Flores' and the Class's PII was exposed in a massive and preventable data breach (the "Data Breach" or the "Breach"). Mondelez and BCLP had separate and distinct duties to protect the PII they collected, which they did not uphold.

After the Breach, a handful of lawsuits were filed before this Court pursuing claims against solely Mondelez. The *Shields* Action, the *Berndt* Action, and the *Clay* Action were filed naming only Mondelez as a defendant. The *Wiacek* Action originally asserted claims against BCLP, but voluntarily dismissed BCLP from the lawsuit before a motion to consolidate was filed. It is no coincidence that BCLP was dismissed from the *Wiacek* Action shortly before the *Shields* Action, *Berndt* Action, and the *Wiacek* Action moved for consolidation. As a result, all four of the Related Actions have one identical target – Mondelez.

Only **one** lawsuit filed in this Court asserts claims against BCLP – the *Flores* Action. The *Flores* Action is the only lawsuit that seeks to hold BCLP accountable for the separate and distinct duties it owed to Plaintiff Flores and the Class to protect their PII. As such, the motion to consolidate filed in the Related Actions makes no reference to the *Flores* Action and does not seek to consolidate the *Flores* Action. It is readily apparent the Related Actions have no intention of pursuing claims against BCLP.

Now, well-aware that the Related Actions do not assert claims against BCLP and have deliberately chosen not to assert claims against BCLP, BCLP forcefully inserts itself into the present litigation, wasting valuable judicial time and resources. For the reasons set forth below, BCLP's Motion should be denied and the *Flores* Action should not be reassigned before this Judge or consolidated with the Related Actions.

## III.    ARGUMENTS & AUTHORITIES

### A.    LIMITED INTERVENTION IS NECESSARY TO PROTECT PLAINTIFF FLORES' INTERESTS.

#### 1.    Plaintiff Flores is Entitled to Intervention as a Matter of Right Pursuant to Fed. R. Civ. Pro. 24(a).

Under Federal Rule of Civil Procedure 24(a)(2), a movant is entitled to intervention as a matter of right where the movant: (i) has an interest relating to the subject matter of the action; (ii) is at risk that that interest will be impaired, as a practical matter, by the action's disposition; (iii) lacks adequate representation of the interest by the existing parties; and (iv) makes a timely application. *Nissei Sangyo America, Ltd. v. United States*, 31 F.3d 435, 438 (7th Cir. 1994); *see also Southmark Corp. v. Cagan*, 950 F.2d 416, 418 (7th Cir. 1991). Plaintiff Flores satisfies each of these criteria.

While Plaintiff Flores does not seek to intervene in the underlying merits of the Related Actions, Plaintiff Flores has a profound interest in the relief sought in BCLP's Motion and this interest will be impaired if BCLP's Motion is granted. BCLP seeks leave so that it may request reassignment of the *Flores* Action and propose consolidation of the *Flores* Action with the Related Actions. By doing so, however, BCLP impairs Plaintiff Flores' interests. The Related Actions do not assert claims against BCLP, do not name BCLP as a defendant, do not seek relief from BCLP, and the one action that did name BCLP as a Defendant, voluntarily dismissed BCLP from that case. There is no avenue for Plaintiff Flores to pursue his claims against BCLP in the Related Actions because the Related Actions do not seek to hold BCLP accountable for the Data Breach. Moreover, Plaintiff Flores does not seek to hold Mondelez responsible for the damages he and the proposed Class suffered. If BCLP's Motion is granted, Plaintiff Flores will be estopped from asserting his claims against BCLP, as the Related Actions have expressed a clear intent to pursue claims against only Mondelez. Thus, as an individual with plausible data privacy claims against BCLP—*i.e.*, Plaintiff Flores—has the right to protect his interests, which will be impaired in the Related Actions.

Further, the interests of Plaintiff Flores are not adequately represented by any party to the Related Actions nor BCLP. It is obvious that the entities responsible for the failures giving rise to the Data Breach—Mondelez and BCLP—are not representing the interests of Plaintiff Flores. Rather, these parties seek to stifle the claims of Plaintiff Flores. Thus, it cannot be said that Plaintiff Flores' interests will be protected by parties with interests adverse to Plaintiff Flores, *i.e.*, Mondelez and BCLP. Moreover, the plaintiffs in the Related Actions also do not adequately represent Plaintiff Flores' interests. Three of the Related Actions deliberately chose not to name BLCP as a defendant, while the *Wiacek* Action voluntarily dismissed BCLP from that lawsuit. For

these reasons, Plaintiff Flores' interests will not be adequately represented by the plaintiffs in the Related Actions, who actively chose not to assert claims against BCLP—the sole defendant in Plaintiff Flores' lawsuit. Thus, Plaintiff Flores' interests are not protected.

Lastly, Plaintiff Flores' Motion to Intervene is timely. None of the Related Actions have made meaningful progress; no answers or motions to dismiss have been filed nor have the cases entered the discovery phase.

Accordingly, Plaintiff Flores is entitled to intervene as a matter of right.

### 2. Plaintiff Flores Should be Granted Permissive Intervention Pursuant to Fed. R. Civ. Pro. 24(b).

Plaintiff Flores is not only entitled to intervene as a matter of right under Rule 24(a)(2), but he is also entitled to permissive intervention under Rule 24(b). Under this rule, upon timely application, anyone may be permitted to intervene in an action when an applicant's claim or defense and the main action have a question of law or fact in common. *Id.* Also relevant to the permissive intervention analysis is "whether [allowing intervention] would unduly delay or prejudice the adjudication of the rights of the original parties." *Vollmer v. Publishers Clearing House*, 248 F.3d 698, 706–07 (7th Cir. 2001). Here, these factors militate in favor of allowing Plaintiff Flores to intervene under Rule 24(b)(2).

For the same reasons discussed above, the Court should allow Plaintiff Flores to permissively intervene. BCLP's Motion seeks leave to support consolidation of the *Flores* Action with the Related Actions, which will prejudice Plaintiff Flores' claims against BCLP. The Related Actions purposely chose not to pursue claims against BCLP. None of the Related Actions seek to hold BCLP accountable for the Data Breach. Further, it is difficult to conceive of what delay or prejudice the other parties would face given that these cases are still in their infancy. Accordingly,

Plaintiff Flores should be granted permission to permissibly intervene in this suit pursuant to Rule 24(b)(1)(B).

### 3. Narrowly Tailored Intervention is Merited.

When a party is otherwise qualified to intervene, the district court has the authority and discretion to narrowly tailor intervention to a specific portion of the case. *See* Advisory Committee Note to Fed. R. Civ. P. 24(a). Courts have freely granted such limited relief where appropriate. *See, e.g., Pacific Mutual Life Ins. Co. v. American Nat'l Bank & Trust Co. of Chicago*, 110 F.R.D. 272, 277 (N.D. Ill. 1986); *Gautreaux v. Pierce*, 548 F. Supp. 1284, 1286–88 (N.D. Ill. 1982), *aff'd*, 707 F.2d 265 (7th Cir. 1983).

In contemplating the propriety of allowing intervention, the Court should consider that Plaintiff Flores does not seek to intervene in this case as a full party to the litigation. Rather, Plaintiff Flores seeks intervention for the limited purpose of objecting to BCLP's Motion, which includes objecting to BCLP's efforts to reassign the *Flores* Action and consolidate it with the Related Actions. This relief is narrowly tailored as to not impact the underlying litigation and should be granted here.

### B. CONSOLIDATION AND REASSIGNMENT OF THE *FLORES* ACTION IS INAPPROPRIATE BECAUSE THE RELATED ACTIONS DELIBERATELY CHOSE NOT TO NAME BCLP AS A DEFENDANT.

The standard for motions to consolidate is governed by Fed. R. Civ. P. 42(a). Rule 42 allows a court to consolidate actions, if "they involve a common question of law or fact." *Id.*; *see also McKnight v. Illinois Cent. R. Co.*, 2009 WL 1657581 at *1 (S.D. Ill. 2009). Courts have broad discretion in determining whether or not to consolidate actions. *McKnight*, 2009 WL 1657581 at *1 (citing *U.S. v. Knauer*, 149 F. 2d 519, 520) (7th Cir. 1945), *judgment aff'd.*, 328 U.S. 654 (1946). "The purpose behind a Rule 42(a) consolidation is to promote judicial efficiency but not if

prejudice caused to any of the parties outweighs it." *Id.* (citing *Ikerd v. Lapworth*, 435 F. 2d 197, 204 (7th Cir. 1970); *Knauer*, 149 F. 2d at 520.)

There are at least three reasons why the *Flores* Action should not be consolidated with the Related Actions. First, there is no commonality of Defendants between the Related Actions and the *Flores* Action. In fact, the Related Actions do not name BCLP as a Defendant, voluntarily dismissed BCLP from the one action it was previously named as a Defendant in, and do not seek consolidation of the *Flores* Action. It is a waste of judicial resources for BCLP to bring forth this motion when it is apparent the Related Actions have no intention of asserting claims against BCLP.

Second, consolidation will burden the Court with consideration of issues it need not consider. As the Related Actions and the *Flores* Action currently stand, there is a clear divide of liability. The Related Actions focus on the liability of Mondelez, and the *Flores* Action focuses on the liability of BCLP. It is not necessary for the Court to consider the liability of both the defendants in the same proceeding when they each owed separate and distinct duties to the proposed class members.

Third, even if there are overlapping issues in the case, the *Flores* Action and the Related Actions may be coordinated, rather than consolidated. Consolidation is an extreme measure. Any efficiency to be gained can and should be derived from less sweeping measures rather than consolidation. Notably, Rule 42(a) contains two alternatives to consolidation: (1) "join[ing] for hearing or trial any or all matter at issue in the actions," and (2) "issu[ing] any other orders to avoid unnecessary cost or delay." *See* Fed. R. Civ. P. 42(a)(1) and (3). This is what the Seventh Circuit describes as "the difference between administrative and full consolidation . . . established by Fed. R. Civ. P. 42(a)." *Window World of Chicagoland, LLC v. Window World, Inc.*, 811 F.3d 900, 903 (7th Cir. 2016). "Subsection (a)(2) provides for full consolidation, while subsections

(a)(1) and (a)(3) authorize other forms of consolidation." *Id.* (joining two suits for hearings under Rule 42(a)(1), rather than fully consolidating them under Rule 42(a)(2)). Thus, suits administratively consolidated for hearings retain their independent existence, as this case should too. *Id.* (citing *Gelboim v. Bank of America Corp.*, 135 S. Ct. 897 (2015) (same result for cases consolidated under 28 U.S.C. § 1407 for pretrial proceedings).

Frequently, rather than consolidating cases, any desired efficiency can be obtained by simply allowing for coordination of discovery on any overlapping issues. *See, e.g., Marliere v. Vill. of Woodridge*, No. 96 C 0816, 1996 U.S. Dist. LEXIS 11562, at *6 (Aug. 12, 1996) (finding formal consolidation inappropriate but allowing reciprocal use of discovery because "much of the discovery required in the two cases overlaps"); *see also* McKnight, 2009 WL 1657581, at *1 (ruling consolidation not desirable where only some issues were common, but finding that "the Parties can likely avoid overlapping, redundant discovery by agreeing to stipulate to the use of certain discovery items produced in one case for use in the other case"). Counsel in the Related Actions and the *Flores* Actions have worked together before and there is no reason they cannot work together now to coordinate these actions. Likewise, the law firms representing BCLP and counsel for Flores have been opposing counsel in likely over a dozen data breach lawsuits and have always been able to coordinate to smoothly prosecute actions.

Thus, formal consolidation is unnecessary. This is especially true here, where consolidation would mean stifling the claims of Plaintiff Flores, by forcing him to join an action that chose not to pursue claims against BCLP—the only Defendant Plaintiff Flores asserts claims against.

## IV. CONCLUSION

Plaintiff Flores will suffer prejudice if he is not permitted to intervene. Accordingly, Plaintiff Flores respectfully requests that the Court grant his Motion and allow him to intervene in this Action, either permissively or as of right.

Plaintiff ERIC D. FLORES,

By:  */s/ Thomas A. Zimmerman, Jr.*
Thomas A. Zimmerman, Jr.
(IL #6231944)
tom@attorneyzim.com
Sharon A. Harris
sharon@attorneyzim.com
Matthew C. De Re
matt@attorneyzim.com
Jeffrey D. Blake
jeff@attorneyzim.com
**ZIMMERMAN LAW OFFICES, P.C.**
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com

William B. Federman
(*pro hac vice application pending*)
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
wbf@federmanlaw.com