IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL SHIELDS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>MONDELEZ GLOBAL LLC,<br><br>Defendant. | Case No.: 1:23-CV-03999 |
| DANIEL BERNDT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>MONDELEZ GLOBAL LLC,<br><br>Defendant. | Case No.: 1:23-CV-04001 |
| AUGUSTYN WIACEK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>MONDELEZ GLOBAL LLC, MONDELEZ INTERNATIONAL HOLDINGS LLC, MONDELEZ INTERNATIONAL, INC.,<br><br>Defendants. | Case No.: 1:23-CV-04023 |

**ORDER (1) GRANTING PLAINTIFFS' MOTION FOR
CONSOLIDATION; (2) GRANTING NON-PARTY BRYAN CAVE
LEIGHTON PAISNER LLP'S MOTION FOR LEAVE AND MOTION
FOR REASSIGNMENT AND DENYING ITS REQUEST FOR CONSOLIDATION;
AND (3) GRANTING NON-PARTY ERIC D. FLORES'S MOTION TO INTERVENE**

This matter, having come before the Court on July 27, 2023, and the Court having considered (1) Plaintiffs' Motion for Consolidation of Pending Actions Pursuant to Fed. R. Civ. P. 42(a)(2) and Memorandum in Support (ECF No. 2); (2) Plaintiff's Motion to Appoint Interim Co-Lead Counsel Under Fed. R. Civ. P. 23(g)(3) and Memorandum in Support (ECF No. 3); (3) Non-Party Bryan Cave Leighton Paisner LLP's Motion for Leave to Request Reassignment and to Join Motion to Consolidate *Instanter* (ECF No. 10); and (4) Non-Party Eric D. Flores's Motion to Intervene to Object to Non-Party Bryan Cave Leighton Paisner LLP's Motion for Leave to Request Reassignment and Joint Motion to Consolidate *Instanter* (ECF No. 13), **THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:**

1. The actions captioned *Michael Shields v. Mondelez Global LLC*, Case No. 1:23-cv-03999, *Daniel Berndt v. Mondelez Global LLC*, Case No. 1:23-cv-04001, *Augustyn Wiacek v. Mondelez Global LLC, Mondelez International Holdings LLC, Mondelez International, Inc.,* Case No. 1:23-cv-04023, and *Diedra Clay v. Mondelez Global LLC*, Case No. 1:23-cv-04402 shall be consolidated for all purposes, including pretrial proceedings and trial, pursuant to Federal Rule of Civil Procedure 42(a) (the "Consolidated Action").

2. Additionally, all subsequently filed or transferred actions arising out of the same set of operative facts that name Mondelez International, Inc., Mondelez International Holdings, LLC, and/or Mondelez Global, LLC as a defendant—without naming Bryan Cave Leighton Paisner LLP as a defendant—shall be consolidated for all purposes, including pretrial proceedings and trial, pursuant to Federal Rule of Civil Procedure 42(a). This Order to consolidate shall not include any actions naming Bryan Cave Leighton Paisner LLP as a defendant.

3. The case captioned *Eric D. Flores v. Bryan Cave Leighton Paisner LLP*, No. 1:23-cv-04249 (the "*Flores* Action"), shall not be consolidated with the Consolidated Action.

1

4. All pleadings filed in the Consolidated Action shall be filed under Case No.: 1:23-CV-03999, the number assigned to the first-filed case, and shall bear the following caption: "*In re Mondelez Data Breach Litigation.*"

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

IN RE: MONDELEZ DATA
BREACH LITIGATION                Master File No. 1:23-CV-03999

This Document Relates To:

5. The case file for the Consolidated Action will be maintained under Master File No.:1:23-CV-03999. When a pleading is intended to apply to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption described above. When a pleading is not intended to apply to all actions, the docket number for each individual action to which the paper is intended to apply and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption identified above, *e.g.,* 1:23-CV-03999 ("Shields").

6. The parties shall file a Notice of Related Action whenever a case that should be consolidated into this action is filed in, transferred to, or removed to this District.

7. If the Court determines that the case is related, the clerk shall:

    a. Place a copy of this Order in the separate file for such action;

    b. Serve on Plaintiffs' counsel in the new case a copy of this Order;

    c. Direct that this Order be served upon Defendant(s) in the new case; and

    d. Make an appropriate entry in the Master Docket.

8. Plaintiffs' Motion to Appoint Interim Co-Lead Counsel in the Consolidated Action (ECF No. 3) is granted.

2

9. The Court grants Non-Party Eric D. Flores's Motion to Intervene to Object to Non-Party Bryan Cave Leighton Paisner LLP's Motion for Leave to Request Reassignment and Joint Motion to Consolidate *Instanter* (ECF No. 13) for the limited purpose of objecting to Non-Party Bryan Cave Leighton Paisner LLP's Motion for Leave to Request Reassignment and to Join Motion to Consolidate *Instanter* (ECF No. 10). The objection is sustained as to the consolidation of the *Flores* Action. However, the objection is overruled as to reassignment of the *Flores* Action.

10. Pursuant to Local Rule 40.4(d), the Court finds that the *Flores* Action and the Consolidated Action "are related within the meaning of the rules of this Court" and that the *Flores* Action "should be reassigned" before this Court to facilitate and coordinate discovery and other matters as the Court deems appropriate with the Consolidated Action.

11. Pursuant to the Court's finding that the *Flores* Action should be reassigned, the Court shall forward this finding and request that the Executive Committee reassign the *Flores* Action to this Court pursuant to Local Rule 40.4(d).

12. Non-Party Bryan Cave Leighton Paisner LLP's Motion for Leave to Request Reassignment and to Join Motion to Consolidate *Instanter* is granted to the extent it requests reassignment of the *Flores* Action before this Court, but is denied to the extent it requests consolidation of the *Flores* Action with the Consolidated Action.

13. Plaintiffs in the Related Actions shall file a Consolidated Complaint no later than thirty (30) days following the entry of this order.

14. This Order shall apply to the Consolidated Action and all subsequently filed or transferred actions that are consolidated pursuant to this Order.

15. Interim Lead Counsel in the Consolidated Action must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious

electronic means on counsel for Plaintiffs in any related action to the extent that Interim Lead Counsel are aware of any such action(s) and on all attorneys for Plaintiffs whose cases may subsequently consolidated with the above actions but who have not yet registered for ECF.

**IT IS SO ORDERED:**

DATED: August 15, 2023              _____
                                                 JORGE L. ALONSO
                                                 UNITED STATES DISTRICT JUDGE