# EXHIBIT 1

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement" or "Agreement") is entered into by and between Plaintiffs Michael Shields, Daniel Berndt, Julio Perez, Augustyn Wiacek, Deidra Clay, Eric Flores and Rock Meyer (collectively, "Plaintiffs"), individually and on behalf of all Settlement Class Members (as defined in Paragraph 44), Defendant Bryan Cave Leighton Paisner LLP ("BCLP") and Defendant Mondelēz Global LLC ("Mondelēz") (together, "Defendants," and with Plaintiffs, the "Parties"), in the consolidated action styled *In re: Mondelēz Data Breach Litigation*, Master File No. 1:23-cv-03999, pending in the United States District Court for the Northern District of Illinois (the "Action").

## RECITALS

**WHEREAS**, on or about February 27, 2023, BCLP became aware of potential unauthorized access to certain systems and data within its information technology network (the "Data Security Incident").

**WHEREAS**, BCLP promptly retained an outside cybersecurity forensics firm and commenced a robust incident response and investigation into the Data Security Incident that revealed a threat actor had accessed certain files related to BCLP's clients, including Mondelēz, some of which contained personally identifiable information or protected health information ("PII/PHI").

**WHEREAS**, BCLP notified Mondelēz about the Data Security Incident and, after determining the Data Security Incident involved files containing PII/PHI belonging to Mondelēz's current and former employees, Mondelēz provided notice of the Data Security Incident to approximately 50,584 individuals.

**WHEREAS**, BCLP also notified another client entity—Chicago IVF—that some of its files may have been involved in the Data Security Incident, which impacted 2,603 individuals and, in turn, Chicago IVF took steps to notify such individuals that their PII/PHI may have been impacted.

**WHEREAS**, BCLP provided direct notice of the Data Security Incident to 65 individuals that their PII/PHI may have been impacted.

**WHEREAS**, after Mondelēz provided notice of the Data Security Incident, four class action lawsuits were filed against Mondelēz in the United States District Court for the Northern District of Illinois—(1) *Michael Shields v. Mondelez Global LLC*, Case No. 1:23-cv-03999; (2) *Daniel Berndt v. Mondelez Global LLC*, Case No. 1:23-cv-04001; (3) *Augustyn Wiacek v. Mondelez Global LLC, Mondelez International Holdings LLC, Mondelez International, Inc.*, Case No. 1:23-cv-04023; and (4) *Diedra Clay v. Mondelez Global LLC*, Case No. 1:23-cv-04402. Although BCLP was also

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

initially named as a defendant in the *Wiacek* action, plaintiffs in that case voluntarily dismissed BCLP. Judge Alonso eventually consolidated each of these actions in the Northern District of Illinois on August 15, 2023. *See In Re: Mondelez Data Breach Litigation*, Master File No. 1:23-CV-03999 (N.D. Ill), Dkt. No. 21 (the "*Shields*" action).

**WHEREAS**, plaintiffs in the *Shields* action filed a consolidated complaint on September 14, 2023, and Mondelēz filed a motion to dismiss on November 13, 2023.

**WHEREAS**, two class action lawsuits were also filed in the United States District Court for the Northern District of Illinois against BCLP in connection with the Data Security Incident: (1) *Flores v. Bryan Cave Leighton Paisner LLP*, Case No. 1:23-CV-04249; and (2) *Meyer v. Bryan Cave Leighton Paisner LLP*, Case No. 1:23-CV-04954. Judge Alonso consolidated those actions in the Northern District of Illinois on October 11, 2023. *See In Re: Bryan Cave Leighton Paisner, LLP Data Breach Litigation*, Master File No. 1:23-CV-04249 (N.D. Ill), Dkt. No. 31 (the "*Flores*" action).

**WHEREAS**, plaintiffs in the *Flores* action filed a consolidated complaint on November 10, 2023, and BCLP filed a motion to dismiss on January 15, 2024.

**WHEREAS**, on June 3, 2024, Judge Alonso granted in part BCLP's and Mondelēz's motions to dismiss filed in the *Shields* and *Flores* actions in a single order and opinion dismissing all but the *Shields* plaintiffs' negligence and implied contract claims against Mondelēz and the *Flores'* plaintiffs' negligence claim against BCLP. *See Shields*, Dkt. No. 41; *Flores*, Dkt. No. 45.

**WHEREAS**, the Parties met and conferred regarding early resolution of the *Shields* and *Flores* actions and scheduled a mediation session to take place in July 2024. Prior to the mediation, the Parties exchanged informal discovery.

**WHEREAS**, on July 15, 2024, counsel for the Parties engaged in an arm's-length mediation before David E. Jones (the "Mediator"). Although the Parties were not successful in resolving the case during the mediation session, they made significant progress. At the conclusion of the mediation session, the Mediator provided a Mediator's proposal to the Parties, which they considered for approximately one week and during which time they continued to negotiate.

**WHEREAS**, on July 23, 2024, the Parties advised the Mediator that they had rejected the Mediator's proposal but had nonetheless reached an agreement in principle. In the weeks that followed the mediation, the Parties continued to negotiate the remaining terms of the Settlement, culminating in this Agreement.

**WHEREAS**, on July 30, 2024, Judge Alonso consolidated the *Shields* and *Flores* actions under Master File No. 1:23-cv-03999 (the "Action") for purposes of settlement. *See Shields*, Dkt. No. 46; *Flores*, Dkt. No. 49.

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

**WHEREAS**, pursuant to the terms set forth below, this Agreement resolves all actual and potential claims, actions, and proceedings as set forth in the release contained herein, by and on behalf of members of the Settlement Class defined herein, but it excludes the claims of all Settlement Class Members who opt out of the Settlement Class pursuant to the terms and conditions herein.

**WHEREAS**, Class Counsel, on behalf of Plaintiffs and the Settlement Class, have thoroughly examined the law and facts relating to the matters at issue in the Action, Plaintiffs' claims, and Defendants' potential defenses, including conducting an independent investigation and informal discovery, and conferring with Defendants' counsel through the settlement negotiation process, as well as conducting an assessment of the merits of expected arguments and defenses throughout the litigation, including on a motion for class certification. Based on a thorough analysis of the facts and the law applicable to Plaintiffs' claims in the Action, and taking into account the burden, expense, and delay of continued litigation, including the risks and uncertainties associated with litigating class certification and other defenses Defendants may assert, a protracted trial and appeal(s) process, as well as the opportunity for a fair, cost-effective, and assured method of resolving the claims of the Settlement Class, Plaintiffs and Class Counsel believe that resolution is an appropriate and reasonable means of ensuring that the Settlement Class is afforded important benefits expediently. Plaintiffs and Class Counsel have also considered the uncertain outcome and the risk of continued litigation, as well as the difficulties and delays inherent in such litigation.

**WHEREAS**, Plaintiffs and Class Counsel believe that the terms set forth in this Settlement Agreement confer substantial benefits upon the Settlement Class and have determined that they are fair, reasonable, adequate, and in the best interests of the Settlement Class.

**WHEREAS**, Defendants have similarly concluded that this Agreement is desirable to avoid the time, risk, and expense of defending protracted litigation, and to resolve finally and completely the claims of Plaintiffs and the Settlement Class.

**WHEREAS**, this Agreement, whether consummated, and any actions or proceedings taken pursuant to this Agreement, are for settlement purposes only, and Defendants specifically deny any and all wrongdoing. The existence of, terms in, and any action taken under or in connection with this Agreement shall not constitute, be construed as, or be admissible in evidence as, any admission by the Parties of (i) the validity of any claim, defense, or fact asserted in the Action or any other pending or future action, or (ii) any wrongdoing, fault, violation of law, or liability of any kind on the part of the Parties.

**WHEREAS**, the foregoing recitals are true and correct and are hereby fully incorporated in, and made a part of, this Agreement.

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

**NOW, THEREFORE**, in exchange for the mutual promises and valuable consideration provided for in this Agreement, the Parties agree to a full, complete, and final settlement and resolution of the Action, subject to Court approval, on the following terms and conditions:

## I.    <u>DEFINITIONS</u>

In addition to terms defined at various points within this Agreement, the following defined terms shall have the meanings set forth below:

1.    "Action" means the *Flores* and *Shields* consolidated class action lawsuits captioned *In re: Bryan Cave Leighton Paisner, LLP Data Breach Litigation*, Master File No. 1:23-cv-04249, and *In re: Mondelēz Data Breach Litigation*, Master File No. 1:23-cv-03999, and consolidated for settlement purposes under Master File No. 1:23-cv-03999.

2.    "Alternative Cash Payment" means a pro rata cash payment to each Settlement Class Member who elects to receive this payment in lieu of other benefits available under this Agreement (excluding Court-approved Service Award Payments), as described more fully in Paragraph 61.

3.    "Approved Claim" means the timely submission of a Claim Form by a participating Settlement Class Member that has been approved by the Settlement Administrator.

4.    "Attorney's Fee Award and Costs" means the amount of attorneys' fees and reimbursement of Litigation Costs and Expenses awarded by the Court to Class Counsel.

5.    "BCLP" means Bryan Cave Leighton Paisner LLP and its respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, and their owners, officers, employees, and departments, and any and all of their past, present, and future officers, directors, members, managers, employees, shareholders, partners, servants, agents, successors, attorneys, representatives, subrogees and assigns of any of the foregoing.

6.    "BCLP's Counsel" means Dan Warren (dwarren@bakerlaw.com), Casie Collignon (ccollignon@bakerlaw.com), Dante Marinucci (dmarinucci@bakerlaw.com), and Brittany Lockyer (blockyer@bakerlaw.com) at Baker & Hostetler LLP, who can be contacted at their email addresses or by mail to 127 Public Square, Suite 2000 Cleveland, Ohio 44114.

7.    "Chicago IVF" means Advanced Reproductive Health Center Ltd. d/b/a Chicago IVF and its respective predecessors, successors, assigns, parents,

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

subsidiaries, divisions, affiliates, and their owners, officers and employees, departments, and any and all of their past, present, and future officers, directors, members, managers, employees, shareholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees and assigns of any of the foregoing.

8. "Chicago IVF's Counsel" means the following attorneys at Blank Rome LLP who can be contacted at their email addresses or by mail to 2029 Century Park East, 6th Floor, Los Angeles, California 90067: Sharon Klein (sharon.klein@blankrome.com), Karen Shin (karen.shin@blankrome.com), and Ana Tagvoryan (ana.tagvoryan@blankrome.com).

9. "Claim Form" or "Claim" means, collectively, the form Settlement Class Members must submit to be eligible for reimbursement of Out-of-Pocket Losses or Lost Time, and/or to claim Credit Monitoring and Identity Theft Protection Services or an Alternative Cash Payment under the terms of the Settlement, substantially in the form annexed hereto as Exhibit A.

10. "Claims Deadline" means the last day to submit a timely Claim Form(s), which will occur ninety (90) days after the Notice Deadline.

11. "Claims Period" means the period of time during which Settlement Class Members may submit Claim Forms to receive settlement benefits, which will end ninety (90) days after the Notice Deadline.

12. "Class Counsel" means Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, A. Brooke Murphy of Murphy Law Firm, Raina Borrelli of Strauss Borrelli PLLC, and William B. Federman of Federman & Sherwood.

13. "Class Representatives" means Michael Shields, Daniel Berndt, Julio Perez, Augustyn Wiacek, Deidra Clay, Eric Flores, and Rock Meyer.

14. "Court" means the United States District Court for the Northern District of Illinois.

15. "Credit Monitoring and Identity Theft Protection Services" means three (3) years of three-bureau credit monitoring services provided by Kroll Settlement Administration ("Kroll") to Settlement Class Members under the Settlement. These services include daily three-bureau credit monitoring with Equifax, Experian, and TransUnion; identity restoration services; and $1 million in identity theft insurance, among other features.

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

16. "Data Security Incident" means the data security incident discovered by BCLP in February 2023 that may have resulted in unauthorized access to certain files related to BCLP's clients that contained PII/PHI.

17. "Documented Out-of-Pocket Losses" means documented out-of-pocket costs or expenditures that a Settlement Class Member actually incurred that are fairly traceable to the Data Security Incident, and that have not already been reimbursed by a third party, as set forth in Paragraph 55. Documented Out-of-Pocket Losses may include, without limitation, the following: costs associated with credit monitoring or identity theft insurance purchased directly by the claimant; costs associated with requesting a credit report; costs associated with a credit freeze; costs associated with cancelling a payment card and/or obtaining a replacement payment card; costs associated with closing a bank account and/or opening a new bank account; postage, long-distance phone charges, express mail and other incidental expenses; unrefunded overdraft and/or overdraft protection fees; unrefunded late and/or missed payment fees and/or charges; unrefunded fraudulent charges occurring on or after February 23, 2023; and damages and costs associated with any stolen benefits or tax returns.

18. "Effective Date" means one business day following the latest of: (i) the date upon which the time expires for filing or noticing any appeal of the Judgment or one (1) business day following entry of an order granting final approval of the settlement if no parties have standing to appeal; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to attorneys' fees and reimbursement of expenses, the date of completion, in a manner that finally affirms and leaves in place the Judgment without any material modification, of all proceedings arising out of the appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari with respect to the Judgment.

19. "Final Approval Order and Judgment" means an order and judgment that the Court enters after the Final Approval Hearing, which finally approves the Settlement Agreement, certifies the Settlement Class, dismisses the Action with prejudice, and otherwise satisfies the settlement-related provisions of Federal Rule of Civil Procedure 23, and is consistent with all material provisions of this Agreement, substantially in the form annexed hereto as Exhibit E.

20. "Final Approval Hearing" means the hearing to be conducted by the Court to determine the fairness, adequacy, and reasonableness of the Settlement pursuant to Federal Rule of Civil Procedure 23 and whether to issue the Final Approval Order and Judgment.

21. "Litigation Costs and Expenses" means costs and expenses incurred by counsel for Plaintiffs in connection with commencing, prosecuting, and settling the Action.

22. "Lost Time" means time spent remedying issues related to the Data Security Incident.

23. "Mondelēz" means Mondelēz Global LLC and its respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, and their owners, officers, employees, and departments, and any and all of their past, present, and future officers, directors, members, managers, employees, shareholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees and assigns of any of the foregoing.

24. "Mondelēz's Counsel" means Keara M. Gordon and Yan Grinblat of DLA Piper LLP.

25. "Net Settlement Fund" means the amount of funds that remain in the Settlement Fund after funds are paid from, or allocated for payment from, the Settlement Fund for the following: (i) Notice and Administrative Expenses, (ii) Taxes and Tax-Related Expenses, (iii) Service Awards Payments approved by the Court, (iv) Attorney's Fee Award and Costs approved by the Court.

26. "Non-Profit *Cy Pres* Recipient" means Electronic Privacy Information Center (EPIC), https://epic.org/, subject to the Court's approval.

27. "Notice" means notice of the proposed class action Settlement to be provided to Settlement Class Members, substantially in the form annexed hereto as Exhibit C ("Postcard Notice") and Exhibit B ("Long Form Notice").

28. "Notice Deadline" means the last day by which Notice to the Settlement Class Members must begin and will occur thirty (30) days after entry of the Preliminary Approval Order.

29. "Notice and Administrative Expenses" means all of the expenses incurred in the administration of this Settlement, including, without limitation, all expenses or costs associated with providing Notice to the Settlement Class, locating Settlement Class Members, performing National Change of Address search(es) and/or skip tracing, processing claims, determining the eligibility of any person to be a Settlement Class Member, and administering, calculating and distributing the Settlement Fund to Settlement Class Members. Administrative Expenses also includes all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

30.     "Objection Deadline" is the last day on which a Settlement Class Member may file an objection to the Settlement, which will be sixty (60) days after the Notice Deadline.

31.     "Opt-Out Deadline" is the last day on which a Settlement Class member may file a request to be excluded from the Settlement Class, which will be sixty (60) days after the Notice Deadline.

32.     "Plaintiffs' Counsel" means Class Counsel and all other counsel of record for the Plaintiffs in the consolidated actions.

33.     "Preliminary Approval Order" means an order directing issuance of Notice to Settlement Class Members, determining that the Court will likely be able to approve the Settlement under Federal Rule of Civil Procedure 23(e)(2), and determining that the Court will likely be able to certify the Settlement Class for purposes of judgment. Such order will include the forms and procedure for providing notice to the Settlement Class, including notice of the procedure for Settlement Class Members to object to or opt-out of the Settlement, and set a date for the Final Approval Hearing, substantially in the form annexed hereto as Exhibit D.

34.     "Released Claims" means any and all claims or causes of action of every kind and description, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses) that the Releasing Parties had or have (including, but not limited to, assigned claims and any and all "Unknown Claims" as defined below) that have been or could have been asserted in the Action or in any other action or proceeding before any court, arbitrator(s), tribunal or administrative body (including but not limited to any state, local or federal regulatory body), regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether they are known or unknown, foreseen or unforeseen, suspected or unsuspected, or fixed or contingent, arising out of, or related or connected in any way with the claims or causes of action of every kind and description that were brought, alleged, argued, raised or asserted in any pleading or court filing in the Action, including but not limited to those concerning: (1) the alleged access, disclosure and/or acquisition of Settlement Class Members' PII/PHI in the Data Security Incident; (2) Defendants' or the Released Parties' maintenance of Settlement Class Members' PII/PHI as it relates to the Data Security Incident; (3) Defendants' or the Released Parties' information security policies and practices as it relates to the Data Security Incident; and/or (4)

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

Defendants' or the Released Parties' provision of notice to Settlement Class Members following the Data Security Incident.

35.     "Released Parties" means BCLP, Mondelēz, Chicago IVF, and each and every of their respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, members, managers, employees, shareholders, partners, servants, agents, successors, insurers, reinsurers, and attorneys, as well as representatives, insurers, reinsurers, subrogees and assigns of any of the foregoing. Each of the Released Parties may be referred to individually as a "Released Party."

36.     "Releasing Parties" means the Class Representatives and Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns, excluding those Settlement Class Members who submit a valid Request for Exclusion prior to the Opt Out Deadline.

37.     "Request for Exclusion" is the written communication by or on behalf of a Settlement Class Member in which he or she requests to be excluded from the Settlement Class in the form and manner provided for in the Notice.

38.     "Residual Settlement Fund" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) Notice and Administrative Expenses, (ii) Taxes and Tax-Related Expenses, (iii) Approved Claim(s) for Out-of-Pocket Losses; (iv) Approved Claim(s) for Lost Time; (v) Approved Claims for Credit Monitoring and Identity Theft Protection Services; (vi) Service Awards Payments approved by the Court, and (vii) Attorneys' Fee Award and Costs approved by the Court.

39.     "Service Award Payment" means compensation awarded by the Court and paid to the Class Representatives in recognition of their role in this litigation.

40.     "Settlement" means the settlement of the Action by and between the Parties, and the terms thereof as stated in this Settlement Agreement.

41.     "Settlement Administrator" means Kroll, subject to Court approval.

42.     "Settlement Class" means the persons who are identified on the Settlement Class List, including all individuals who were sent notification by BCLP, Mondelēz, and Chicago IVF that their PII/PHI was or may have been compromised in the Data Security Incident. Excluded from the Settlement Class are: (i) the judges presiding over this Action and members of their direct families; and (ii) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

43.     "Settlement Class List" means the list generated or obtained by BCLP and Mondelēz containing the full names and current or last known addresses for Settlement Class Members (including email addresses, if known), which BCLP and Mondelēz shall provide to the Settlement Administrator within seven (7) days of the Preliminary Approval Order, with BCLP obtaining such information from Chicago IVF and providing the same to the Settlement Administrator.

44.     "Settlement Class Member" means an individual who falls within the definition of the Settlement Class.

45.     "Settlement Fund" means the sum of Seven-Hundred-Fifty-Thousand Dollars and Zero Cents ($750,000.00) to be paid by or on behalf of Defendants as specified in Paragraph 49, including any interest accrued thereon after payment. This payment is the limit and extent of the monetary obligations of Defendants, their respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, members, managers, employees, shareholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees and assigns of any of the foregoing, and the Released Parties, with respect to this Agreement and the settlement of this matter.

46.     "Settlement Payment" or "Settlement Check" means the payment to be made via mailed check to a Settlement Class Member pursuant to this Settlement.

47.     "Settlement Website" means the website that the Settlement Administrator will establish as soon as practicable following entry of the Preliminary Approval Order, but prior to the mailing of the Notice, as a means for Settlement Class Members to obtain notice of and information about the Settlement and relevant case documents and deadlines, and to submit a claim. The Settlement Website shall contain relevant documents, including, but not limited to, the Notice, this Agreement, Plaintiffs' Motion for Preliminary Approval of the Settlement, the Preliminary Approval Order, Plaintiffs' Motion for an Award of Attorneys' Fees, Costs and Expenses, and Service Awards, and the operative complaints in the Action. The Settlement Website shall also include a toll-free telephone number, e-mail address, and mailing address through which Settlement Class Members may contact the Settlement Administrator directly. The Settlement Website shall not include any advertising and shall remain operational until at least sixty (60) days after all Settlement Payments have been distributed.

48.     "Taxes and Tax-Related Expenses" means any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund, including,

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

without limitation, any taxes that may be imposed upon Defendants with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held in the Settlement Fund.

## II. SETTLEMENT FUND

49. **Establishment of Settlement Fund**. Within thirty (30) days of the later of the entry of the Preliminary Approval Order and the creation of an account established and administered by the Settlement Administrator, Defendants shall deposit or cause to be deposited an amount equal to the Settlement Administrator's expected costs into the account established by and administered by the Settlement Administrator; the Settlement Administrator shall provide Defendants the amount of such expected costs upon its creation of the account that it will administer. Then, within thirty (30) days of the Court's entry of a Final Approval Order and Judgment, Defendants shall deposit or cause to be deposited an amount equal to the difference between Seven-Hundred-Fifty-Thousand Dollars and Zero Cents ($750,000.00) and the amount Defendants deposited or caused to be deposited into the account established and administered by the Settlement Administrator such that the total amount Defendants will have deposited into the account is Seven-Hundred-Fifty-Thousand Dollars and Zero Cents ($750,000.00).

50. **Non-Reversionary**. The Settlement Fund is non-reversionary. As of the Effective Date, all rights of Defendants in or to the Settlement Fund shall be extinguished, except in the event this Settlement Agreement is terminated, as described in Paragraph 89. In the event the Settlement Agreement is terminated pursuant to Paragraph 89, the Settlement Administrator shall return to Defendants within 10 days any amounts remaining in the Settlement Fund, less any expenses the Settlement Administrator had already incurred pursuant to this Settlement Agreement, which the Settlement Administrator shall be entitled to retain.

51. **Qualified Settlement Fund**. The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator shall invest the Settlement Fund exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government. Defendant and Defendant's Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Settlement Administrator. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund and its Escrow Agent. Further, the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes and Tax-Related Expenses owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

52. **Custody of Settlement Fund**. The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or the balance returned to those who paid the Settlement Fund in the event this Settlement Agreement is terminated in accordance with Paragraph 89.

53. **Use of the Settlement Fund**. As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay for the following: (i) Notice and Administrative Expenses, (ii) Taxes and Tax-Related Expenses, (iii) Approved Claim(s) for Out-of-Pocket Losses; (iv) Approved Claim(s) for Lost Time; (v) Approved Claims for Credit Monitoring and Identity Theft Protection Services; (vi) Approved Claims for Alternative Cash Payments; (vii) Service Awards Payments approved by the Court, (viii) Attorneys' Fee Award and Costs approved by the Court; and (ix) Residual Cash Payments. Following payment of all of the above expenses, any amount remaining in the Net Settlement Fund shall be paid to the Non-Profit Cy Pres Recipient in accordance with Paragraph 66. No amounts may be withdrawn from the Settlement Fund unless expressly authorized by this Agreement or approved by the Court.

54. **Taxes and Representations**. Taxes and Tax-Related Expenses relating to the Settlement Fund shall be considered Notice and Administrative Expenses and shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties, their counsel, and their insurers and reinsurers for Taxes and Tax-Related Expenses (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

### III. REIMBURSEMENT FOR DOCUMENTED OUT-OF-POCKET LOSSES AND LOST TIME

55. **Reimbursement for Documented Out-of-Pocket Losses**. All Settlement Class Members may submit a claim for up to Seven-Thousand Dollars and Zero Cents ($7,000.00) for reimbursement of Documented Out-of-Pocket Losses. To receive reimbursement for Documented Out-of-Pocket Losses, Settlement Class Members must submit a valid Claim Form that includes the following: (i) third-party documentation supporting the loss; and (ii) a brief description of the documentation describing the nature of the loss, if the nature of the loss is not apparent from the documentation alone. Third-party documentation can include receipts or other documentation not "self-prepared" by the Settlement Class Member. Self-prepared documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation.

56. **Assessing Claims for Documented Out-of-Pocket Losses**. The Settlement Administrator shall verify that each person who submits a Claim Form is a Settlement Class Member. The Settlement Administrator shall have the sole discretion and authority to determine whether and to what extent documentation for Documented Out-of-Pocket Losses reflects valid Documented Out-of-Pocket Losses actually incurred that are fairly traceable to the Data Security Incident but may consult with Class Counsel, BCLP's Counsel, and Mondelēz's Counsel in making individual determinations. Any such consultation shall be made with all of Class Counsel, BCLP's Counsel, and Mondelēz's Counsel. In assessing what qualifies as "fairly traceable," the Parties agree to instruct the Settlement Administrator to consider (i) whether the timing of the loss occurred on or after February 23, 2023; and (ii) whether the PII/PHI used to commit identity theft or fraud consisted of the same type of PII/PHI that was potentially impacted as a result of the Data Security Incident. The Settlement Administrator is authorized to contact any Settlement Class Member (through the information provided on the Settlement Class Member's Claim Form) to seek clarification regarding a submitted claim prior to making a determination as to its validity.

57. **Reimbursement for Lost Time**. All Settlement Class Members may submit a claim for reimbursement of attested Lost Time up to five (5) hours at twenty-five dollars ($25.00) per hour. Settlement Class Members can receive reimbursement of Lost Time with an attestation that the time spent was reasonably related to mitigating the effects of the Data Security Incident. Claims for Lost Time are capped at One-Hundred-Twenty-Five Dollars and Zero Cents ($125.00) per individual.

58. **Assessing Claims for Lost Time**. The Settlement Administrator shall have the sole discretion and authority to determine whether the prerequisites have been met in order to award payments of Lost Time but may consult with Class

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

Counsel, BCLP's Counsel, and Mondelēz's Counsel in making individual determinations. Any such consultation shall be made with all of Class Counsel, BCLP's Counsel, and Mondelēz's Counsel. The Settlement Administrator is authorized to contact any Settlement Class Member (through the information provided on the Settlement Class Member's Claim Form) to seek clarification regarding a submitted claim prior to making a determination as to its validity.

59. **Disputes**. To the extent the Settlement Administrator determines a claim for Documented Out-of-Pocket Losses or Lost Time is deficient in whole or part, within a reasonable time of making such a determination, the Settlement Administrator shall notify the Settlement Class Member of the deficiencies and give the Settlement Class Member thirty (30) days to cure the deficiencies. Such notifications shall be sent via e-mail, unless the claimant did not provide an e-mail address, in which case such notifications shall be sent via U.S. mail. If the Settlement Class Member attempts to cure the deficiencies but, at the sole discretion and authority of the Settlement Administrator, fails to do so, the Settlement Administrator shall notify the Settlement Class Member of that determination within ten (10) days of the determination. The Settlement Administrator may consult with Class Counsel, BCLP's Counsel and Mondelēz's Counsel in making such determinations. Any such consultation shall be made with both Class Counsel, BCLP's Counsel and Mondelēz's Counsel.

## IV. CREDIT MONITORING AND IDENTITY THEFT PROTECTION

60. **Credit Monitoring and Identity Theft Protection Services**. All Settlement Class Members are eligible to enroll in up to three (3) years of three-bureau Credit Monitoring and Identity Theft Protection Services provided by Kroll, regardless of whether the Settlement Class Member submits a claim for reimbursement of Out-of-Pocket Losses or Lost Time. The Settlement Administrator shall send an activation code to each valid Credit Monitoring Services claimant within fourteen (14) days of the Effective Date which can be used to activate Credit Monitoring Services. Such enrollment codes shall be sent via e-mail, unless the claimant did not provide an e-mail address, in which case such codes shall be sent via U.S. mail. The activation codes will be valid for a period of 180 days after mailing and may be used to enroll for the full three-year term at any point during those 180 days. Kroll shall provide Credit Monitoring and Identity Theft Protection Services to all valid claimants who timely enroll in these services for a period of up to three (3) years from the date of activation, including daily three-bureau credit monitoring with Equifax, Experian, and TransUnion; identity restoration services; and $1 million in identity theft insurance, among other features.

## V. ALTERNATIVE CASH PAYMENT

61. **Alternative Cash Payments**. In lieu of receiving a reimbursement for Documented Out-Of-Pocket Losses and/or reimbursement for Lost Time, Settlement

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

Class Members may elect to submit a claim for a pro rata cash payment from the Residual Settlement Fund. To receive the Alternative Cash Payment, Settlement Class Members must submit a valid Claim Form indicating the selection of an Alternative Cash Payment. The election to receive an Alternative Cash Payment does not preclude Class Representatives from receiving a Court approved Service Award Payment or Credit Monitoring and Identity Theft Protection Services.

## VI.   <u>PAYMENTS TO SETTLEMENT CLASS MEMBERS</u>

62.   **Payment Timing**. Payments for Approved Claims for reimbursement for Documented Out-of-Pocket Losses, Lost Time, and/or Alternative Cash Payment shall be issued in the form of a check mailed as soon as practicable after the allocation and distribution of funds are determined by the Settlement Administrator following the Effective Date.

63.   **Timing**. Settlement Checks shall bear in the legend that they expire if not negotiated within ninety (90) days of their date of issue.

64.   **Returned Checks**. For any Settlement Check returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to locate a valid address and resend the Settlement Payment within thirty (30) days after the check is returned to the Settlement Administrator as undeliverable. In attempting to locate a valid address, the Settlement Administrator is authorized to send an e-mail and/or place a telephone call to that Settlement Class Member to obtain updated address information. Any replacement Settlement Checks issued to Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Settlement Class Members within that time.

65.   **Uncashed Checks**. To the extent that a Settlement Check is not cashed within ninety (90) days after the date of issue, the Settlement Administrator shall undertake the following actions: (1) attempt to contact the Settlement Class Member by e-mail and/or telephone to discuss how to obtain a reissued check; (2) if those efforts are unsuccessful, make reasonable efforts to locate an updated address for the Settlement Class Member using advanced address searches or other reasonable methods; and (3) reissuing a check or mailing the Settlement Class Member a postcard (either to an updated address if located or the original address if not) providing information regarding how to obtain a reissued check. Any reissued Settlement Checks issued to Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and shall thereafter automatically be canceled by the Settlement Administrator if not cashed by the Settlement Class Members within that time.

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

66. **Remainder from Uncashed Checks**. Once the time to cash all initially issued Settlement Checks and reissued Settlement Checks has passed, the Settlement Administrator shall determine the aggregate amount of any cancelled payments. The Settlement Administrator shall then calculate the per-person amount of the cancelled payments by dividing the aggregate amount of any cancelled payments by the number of Settlement Class Members who (a) validly elected to receive an Alternative Cash Payment and (b) cashed a Settlement Check. If the per-person amount of the cancelled payments is less than ten dollars ($10.00), the Settlement Administrator shall distribute the aggregate amount of any cancelled payments to the Non-Profit Cy Pres Recipient. If the per-person amount of the cancelled payments is equal to or greater than ten dollars ($10.00), the Settlement Administrator shall issue supplemental checks to the Settlement Class Members who (a) validly elected to receive an Alternative Cash Payment and (b) cashed a Settlement Check. If any supplemental check is returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall follow the steps identified in Paragraph 64. To the extent that a Settlement Check is not cashed within ninety (90) days after the date of issue, the Settlement Administrator shall follow the steps identified in Paragraph 65. Once the time to cash all initially issued supplemental Settlement Checks and reissued supplemental Settlement Checks has passed, the Settlement Administrator shall distribute the aggregate amount of any additional cancelled payments to the Non-Profit Cy Pres Recipient.

67. **Deceased Class Members**. If the Settlement Administrator is notified that a Settlement Class Member is deceased, the Settlement Administrator is authorized to reissue the Settlement Check to the Settlement Class Member's estate upon receiving proof the Settlement Class Member is deceased and after consultation with Class Counsel, BCLP's Counsel and Mondelēz's Counsel.

## VII. <u>CLAIMS, CAPS, AND DISTRIBUTION OF SETTLEMENT FUNDS; RESIDUAL SETTLEMENT FUND</u>

68. **Submission of Electronic and Hard Copy Claims**. Settlement Class Members may submit Claim Forms to the Settlement Administrator electronically via a claims website or physically by mail to the Settlement Administrator. Claim Forms must be submitted electronically or postmarked during the Claims Period and on or before the Claims Deadline.

69. **Order of Distribution of Funds**. The Settlement Administrator must distribute the Settlement Fund in the following order: (i) payment of Notice and Administrative Expenses, Taxes, and Tax-Related Expenses; (ii) payment of Attorney's Fee Award and Costs approved by the Court; (iii) Service Awards payments approved by the Court; (iv) payments for Approved Claims for Out-of-Pocket Losses; (v) payments for Approved Claims for Lost Time; (vi) payments for

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

Approved Claims for Credit Monitoring and Identity Theft Protection Services; and (vii) payments for Approved Claims for Alternative Cash Payment.

70. **Pro-Rata Contingencies**.

(a) In the event that the funds remaining in the Net Settlement Fund after payments for Approved Claims for Out-of-Pocket Losses are not sufficient to make payment for Approved Claims for Lost Time, then the value of the payments for Approved Claims for Lost Time shall be reduced on a pro rata basis, such that the aggregate value of all payments for Approved Claims for Out-of-Pocket Losses, and Approved Claims for Lost Time does not exceed the Net Settlement Fund. In such an event, no Net Settlement Funds will be distributed for Approved Claims for Credit Monitoring and Identity Theft Protection Services or Approved Claims for Alternative Cash Payment.

(b) In the event that the funds remaining in the Net Settlement Fund after payments for Approved Claims for Out-of-Pocket Losses and Approved Claims for Lost Time are not sufficient to make payment/distribution for Approved Claims for Credit Monitoring and Identity Theft Protection Services, then the number of years of Credit Monitoring Services provided to each Settlement Class Member who claims that benefit shall be reduced to ensure that the aggregate value of all payments for Approved Claims for Out-of-Pocket Losses, Approved Claims for Lost Time, and Approved Claims for Credit Monitoring and Identity Theft Protection Services does not exceed the Net Settlement Fund. In such an event, no Net Settlement Funds will be distributed for Approved Claims for Alternative Cash Payment. In the event that the funds remaining in the Net Settlement Fund after payments for Approved Claims for Out-of-Pocket Losses and Approved Claims for Lost Time are not sufficient to make payment/distribution for Approved Claims for Credit Monitoring and Identity Theft Protection Services for any amount of time (*i.e.*, the remaining funds are not sufficient to provide all of the Settlement Class Members who made a claim for Credit Monitoring and Identity Theft Protection Services for the minimum amount of time such services can be provided), no Settlement Class Member shall receive Credit Monitoring and Identity Theft Protection Services, and the funds remaining shall be treated as the Residual Settlement Fund.

(c) In the event that there are funds in the Residual Settlement Fund after all payments/distributions are made for Approved Claims for Out-of-Pocket Losses, Approved Claims for Lost Time, and Approved Claims for Credit Monitoring and Identity Theft Protection Services, each Settlement Class Member who elected to receive an Alternative Cash Payment shall receive a pro-rata distribution of the Residual Settlement Fund. The Settlement Administrator, upon notice to Class Counsel, BCLP's Counsel, and Mondelēz's Counsel, shall determine the amount of the Alternative Cash Payment. In determining this amount, the Settlement Administrator shall use the funds in the Residual Settlement Fund on a pro rata basis to Settlement Class Members who have submitted a Claim Form and elected to

receive an Alternative Cash Payment that has been approved by the Settlement Administrator, in whole or in part.

        (d)     All pro rata determinations required by this Paragraph shall be performed by the Settlement Administrator upon notice to Class Counsel, BCLP's Counsel, and Mondelēz's Counsel.

71.    **Unclaimed Property**. No portion of the Settlement Fund shall revert or be repaid to Defendants after the Effective Date.

## VIII.  <u>CONFIRMATORY DISCOVERY & REMEDIAL MEASURES</u>

72.    **Confirmatory Discovery**. Defendants have provided reasonable confidential confirmatory discovery to Class Counsel which included: (i) demonstrating the remedial efforts undertaken since the Data Security Incident, specifically those addressing selection and oversight of certain vendors entrusted with Settlement Class Members' PII/PHI and the cost of the remedial measures to date; (ii) such other documents as necessary to reasonably establish to Class Counsel that certain measures have been implemented to protect Settlement Class Members' PII/PHI from further unlawful intrusions; and (iii) information to confirm the number of Settlement Class Members.

73.    **Confidentiality**. The information provided by Defendants pursuant to this Section VIII or Paragraph 72 shall be treated as confidential and cannot be used for any purpose other than approval and enforcement of this Settlement Agreement.

74.    **No Other Rights or Remedies**. Nothing about this Section VIII or Paragraphs 72-73 shall create any rights to any present or future contractual or equitable remedy requiring Defendants or its respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, or attorneys to make or maintain any particular security processes or procedures in the future.

## IX.  <u>SETTLEMENT CLASS NOTICE</u>

75.    **Timing of Notice**.

(a) Within seven (7) days after the date of the Preliminary Approval Order, Defendants shall provide the Settlement Class List to the Settlement Administrator, which shall include physical addresses. Prior to disseminating Notice to the members of the Settlement Class, the Settlement Administrator shall perform a National Change of Address Search on the physical addresses on the Settlement Class List.

(b) Within thirty (30) days after the date of the Preliminary Approval Order, the Settlement Administrator shall commence the process of

disseminating the Postcard Notice to the members of the Settlement Class via U.S. Mail.

(c) Within thirty (30) days after the date of the Preliminary Approval Order the Settlement Administrator shall also make the Long Form Notice and Claim Form available to Settlement Class Members on the Settlement Website. The Settlement Website shall allow Settlement Class Members to submit claims via the website.

(d) If requested by Class Counsel—and with the consent and approval from Defendants of any specific reminder language—the Settlement Administrator shall also mail reminder notices to Settlement Class Members who have not yet submitted a Postcard Claim Form and/or Claim Form, with such reminder notices to be mailed, if at all, thirty (30) days prior to the Claims Deadline.

76. **Form of Notice**. Notice shall be disseminated by U.S. mail to Settlement Class Members.

77. **Returned Mailings**. Within thirty (30) days after the date of mailing of the Postcard Notice to the Settlement Class Members, the Settlement Administrator shall provide Class Counsel, BCLP's Counsel, Mondelez's Counsel, and Chicago IVF's Counsel with a list of the Settlement Class Members to whom the Notice was retuned and/or undeliverable ("Undeliverable Notice List"). Within forty (40) days of mailing of the Postcard Notice, the Settlement Administrator shall perform additional levels of skip tracing on the Undeliverable Notice List to attempt to identify an alternative physical address for the Settlement Class Members on the Undeliverable Notice List and shall re-mail the Postcard Notice to the Settlement Class Members if an alternative physical address is identified through the Settlement Administrator's efforts.

## X.   OPT-OUTS AND OBJECTIONS

78. **Opt-Outs**. The Notice shall explain the procedure for Settlement Class Members to exclude themselves or "opt-out" of the Settlement by submitting a Request for Exclusion to the Settlement Administrator postmarked no later than sixty (60) days after the Notice Deadline. The Request for Exclusion must include the name of the proceeding, the individual's full name, individual's current address, individual's personal signature, and the words "Request for Exclusion" (or a comparable statement indicating that the individual does not wish to participate in the Settlement) at the top of the communication. The Notice must state that any Settlement Class Member who does not submit a timely Request for Exclusion in accordance with this Paragraph will lose the opportunity to exclude himself, herself, or themself from the Settlement and will be bound by the Settlement. No party shall

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

directly or indirectly influence, solicit or encourage any Settlement Class Member to opt-out of the settlement.

79.     **Objections**. The Notice shall explain the procedure for Settlement Class Members to object to the Settlement by submitting written objections to the Settlement Administrator postmarked no later than sixty (60) days after the Notice Deadline. The written objection must include (i) the name of the proceeding; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her/their attorney) intends to appear at the Final Approval Hearing; and (vii) the signature of the Settlement Class Member or the Settlement Class Member's attorney. The Notice must set forth the time and place of the Final Approval Hearing (subject to change) and state that any Settlement Class Member who does not file a timely and adequate objection in accordance with this Paragraph waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Settlement.

80.     Within seven (7) days after the deadline for opt-out as set forth in this Paragraph and as approved by the Court, the Settlement Administrator shall furnish to counsel for the Parties a complete list of all timely and valid requests for exclusions. If within seven (7) days after receipt of the list from the Settlement Administrator, there have been more than One-Hundred-Seventy-Five (175) Opt-Outs (exclusions), BCLP and/or Mondelēz may, by notifying Class Counsel in writing, void this Agreement. If BCLP and/or Mondelēz void the Agreement pursuant to this Paragraph, Defendants shall be obligated to pay all settlement expenses already incurred, excluding any attorneys' fees, costs, and expenses of Class Counsel and service awards.

## XI.     DUTIES OF THE SETTLEMENT ADMINISTRATOR

81.     **Duties of Settlement Administrator**. The Settlement Administrator shall perform the functions and duties necessary to effectuate the Settlement and as specified in this Agreement, including, but not limited to, the following:

(a) Creating, administering, and overseeing the Settlement Fund;

(b) Obtaining the Settlement Class List for the purpose of disseminating Notice to Settlement Class Members;

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

(c) Performing National Change of Address searches and/or skip tracing on the Settlement Class List and Undeliverable List;

(d) Providing Notice to Settlement Class Members via U.S. mail and e-mail;

(e) Providing Class Counsel, BCLP's Counsel and Mondelēz's Counsel with the Undeliverable Notice List and conducting additional levels of skip tracing on the Undeliverable Notice List;

(f) Establishing and maintaining the Settlement Website;

(g) Establishing and maintaining a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries within two (2) business days;

(h) Responding to any mailed Settlement Class Member inquiries within two (2) business days;

(i) Reviewing, determining the validity of, and processing all claims submitted by Settlement Class Members;

(j) Receiving Requests for Exclusion and objections from Settlement Class Members and providing Class Counsel, Chicago IVF's counsel, BCLP's Counsel, and Mondelēz's Counsel a copy thereof no later than three (3) days following the deadline for submission of the same. If the Settlement Administrator receives any Requests for Exclusion, objections, or other requests from Settlement Class Members after the Opt-Out and Objection Deadlines, the Settlement Administrator shall promptly provide copies thereof to Class Counsel, BCLP's Counsel, and Mondelēz's Counsel;

(k) Ensuring the provision of Credit Monitoring and Identity Theft Protection Services to Settlement Class Members within thirty (30) days of the Effective Date, if applicable;

(l) After the Effective Date, processing and transmitting Settlement Payments to Settlement Class Members;

(m) Calculating the amount of Alternative Cash Payments, if any, upon notice to Class Counsel, BCLP's Counsel, and Mondelēz's Counsel;

(n) Processing and transmitting Alternative Cash Payments to Settlement Class Members, if applicable;

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

(o) Providing weekly reports to Class Counsel, BCLP's Counsel, and Mondelēz's Counsel that include information regarding the number of Settlement Checks mailed and delivered, Settlement Checks cashed, undeliverable information, the number of Opt-Outs, the number of Objections, and any other requested information relating to Settlement Payments. The Settlement Administrator shall also, as requested by Class Counsel, BCLP's Counsel, or Mondelēz's Counsel, and from time to time, provide the amounts remaining in the Net Settlement Fund;

(p) In advance of the Final Approval Hearing, preparing an affidavit to submit to the Court that: (i) attests to implementation of Notice in accordance with the Preliminary Approval Order; (ii) identifies each Settlement Class Member who timely and properly submitted a Request for Exclusion; and (iii) identifies each Settlement Class Member who timely and properly submitted an Objection; and

(q) Performing any function related to Settlement administration as provided for in this Agreement or at the agreed-upon instruction of Class Counsel, BCLP's Counsel, or Mondelēz's Counsel, including, but not limited to, verifying that Settlement Payments have been distributed.

82. **Limitation of Liability**. The Parties, Released Parties, Plaintiffs' Counsel, BCLP's Counsel, Mondelēz's Counsel, BCLP's insurers and reinsurers, and Mondelēz's insurers and reinsurers, shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

83. **Indemnification**. The Settlement Administrator shall indemnify and hold harmless the Parties, Released Parties, Plaintiffs' Counsel, BCLP's Counsel, Mondelēz's Counsel, BCLP's insurers and reinsurers, and Mondelēz's insurers and reinsurers for (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice Plan and the administration of the Settlement; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

## XII.  **PRELIMINARY APPROVAL, FINAL APPROVAL, AND JURISDICTION**

84.     **Certification of the Settlement Class**. For purposes of this Settlement only, the Parties stipulate to the certification of the Settlement Class, which is contingent upon the Court entering the Final Approval Order and Judgment of this Settlement and the occurrence of the Effective Date. Should (1) the Settlement not receive final approval from the Court or (2) the Effective Date not occur, the certification of the Settlement Class shall be void. Defendants reserve the right to contest class certification for all other purposes. The Parties further stipulate to designate the Class Representatives as the representatives for the Settlement Class.

85.     **Preliminary Approval**. Following execution of this Agreement, Class Counsel shall file a motion for preliminary approval of this Settlement with the Court.

86.     **Final Approval**. Class Counsel shall move the Court for a Final Approval Order and Judgment of this Settlement, to be issued following the Final Approval Hearing; within a reasonable time after the Notice Deadline, Objection Deadline, and Opt-Out Deadline; and at least 90 days after Defendant notifies the appropriate government officials of this Settlement Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. In connection with the motion for preliminary approval, counsel for the parties shall request that the Court set a date for the Final Approval Hearing that is no earlier than 100 days after entry of the Preliminary Approval Order.

87.     **Jurisdiction**. Until the Action is finally and fully dismissed with prejudice, the Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. After the Action is finally and fully dismissed with prejudice, the Parties may enforce the terms of the Agreement in the United States District Court for the Northern District of Illinois or the Circuit Court of Cook County, Illinois.

## XIII.  **MODIFICATION AND TERMINATION**

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

88. **Modification**. The terms and provisions of this Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that, after entry of the Preliminary Approval Order, the Parties may, by written agreement, effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Agreement.

89. **Termination**. Class Counsel (on behalf of the Settlement Class Members) and Defendants shall have the right to terminate this Agreement by providing written notice of their or its election to do so ("Termination Notice"): (1) within seven (7) days of either of the following: (a) the Court's refusal to grant preliminary approval of the Settlement in any material respect; or (b) Defendants' receipt of the opt-out list from the Settlement Administrator that includes more than One-Hundred-Seventy-Five (175) Opt-Outs (exclusions), which right may be exercised solely by Defendants; or (2) within fourteen (14) days of either of the following: (a) the Court's refusal to enter the Judgment in any material respect, or (b) the date upon which the Judgment is modified or reversed in any material respect by any appellate or other court.

90. **Effect of Termination**. In the event of a termination as provided in Paragraph 89, this Agreement shall be considered null and void; all the Parties' obligations under the Agreement shall cease to be of any force and effect and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all the Parties' respective pre-Settlement claims and defenses will be preserved.

## XIV. <u>RELEASES</u>

91. **The Release**. Upon the Effective Date, and in consideration of the Settlement benefits described herein, each Releasing Party shall be deemed to have released, acquitted, and forever discharged Defendants and each of the Released Parties from any and all Released Claims.

92. **Unknown Claims**. The Released Claims include the release of Unknown Claims. "Unknown Claims" means claims that could have been raised in the Action and that Plaintiffs, any member of the Settlement Class or any Releasing Party, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, Plaintiffs, the Settlement Class, and any Releasing Party shall be deemed to have, and shall have, expressly waived and relinquished, to the

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Class Representatives, the Settlement Class, and the Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, including but not limited to any Unknown Claims they may have, as that term is defined in this Paragraph.

93. **Bar to Future Suits**. Upon entry of the Final Approval Order and Judgment, the Class Representatives and other Settlement Class Members shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by this Agreement or by the Final Approval Order. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this section.

## XV. <u>SERVICE AWARD PAYMENTS</u>

94. **Service Award Payments**. At least fourteen (14) days before the Opt-Out and Objection Deadlines, Class Counsel will file a motion seeking a service award payment for the Class Representatives in recognition for their contributions to this Action. Defendants agree not to oppose Class Counsel's request for a service award not to exceed Two-Thousand-Five-Hundred Dollars and Zero Cents ($2,500.00) per representative, for a total of Seventeen-Thousand-Five-Hundred Dollars and Zero Cents ($17,500.00). The Settlement Administrator shall make the Service Award Payments to the Class Representatives from the Settlement Fund. Such Service Award Payment shall be paid by the Settlement Administrator, in the amount approved by the Court, no later than thirty (30) days after the Effective Date.

95. **No Effect on Agreement**. In the event the Court declines to approve, in whole or in part, the payment of service awards in the amount requested, the

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the service awards shall constitute grounds for termination of this Agreement.

## XVI.  ATTORNEYS' FEES, COSTS, EXPENSES

96.  **Attorneys' Fees and Costs and Expenses**. At least fourteen (14) days before the Final Approval Hearing, Class Counsel will file a motion for an award of attorneys' fees and litigation costs and expenses to be paid from the Settlement Fund. Defendants agree not to oppose Class Counsel's request for an award of attorneys' fees not to exceed one-third (1/3) of the Settlement Fund and reimbursement of litigation costs and expenses not to exceed Thirty-Five-Thousand Dollars and Zero Cents ($35,000.00). Fee Award and Costs shall be paid by the Settlement Administrator from the Settlement Fund, in the amount approved by the Court, immediately upon the Court's Order.

97.  **Allocation**. Unless otherwise ordered by the Court, Class Counsel shall have the sole and absolute discretion to allocate any approved Fee Award and Costs amongst Plaintiffs' Counsel and any other attorneys for Plaintiffs. Defendants and their insurers and reinsurers shall have no liability or other responsibility for allocation of any such attorneys' fees and costs.

98.  **No Effect on Agreement**. In the event the Court declines to approve, in whole or in part, the payment of attorneys' fees and costs and expenses in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the service awards shall constitute grounds for termination of this Agreement.

## XVII.  NO ADMISSION OF LIABILITY

99.  **No Admission of Liability**. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties or Released Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

100.  **No Use of Agreement**. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiffs; or (ii) is or may be deemed to be, or may be

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

used as, an admission of, or evidence of, any fault or omission by Defendants or Released Parties in the Action or in any proceeding in any court, administrative agency or other tribunal.

## XVIII. <u>MISCELLANEOUS</u>

101. **Integration of Exhibits**. The exhibits to this Agreement and any exhibits thereto are a material part of the Settlement and are incorporated and made a part of the Agreement.

102. **Entire Agreement**. This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties regarding the subject matter hereof and shall supersede any previous agreements, representations, communications and understandings among the Parties. This Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval. The Parties contemplate that, subject to Court approval or without such approval where legally permissible, the exhibits to this Agreement may be modified by subsequent Agreement of counsel for the Parties prior to dissemination of the Settlement Class Notice to the Settlement Class.

103. **Deadlines**. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day. All reference to "days" in this agreement shall refer to calendar days unless otherwise specified.

104. **Singular and Plurals**. As used in this Agreement, all references to the plural shall also mean the singular and to the singular shall also mean the plural whenever the context so indicates.

105. **Headings**. The headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

106. **Construction**. For the purpose of construing or interpreting this Agreement, the Parties agree that this Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

107. **Cooperation of Parties**. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

108. **Obligation to Meet and Confer**. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted in good faith.

109. **No Conflict Intended**. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

110. **Governing Law**. The Agreement shall be construed in accordance with, and be governed by, the laws of the State of Illinois, without regard to the principles thereof regarding choice of law.

111. **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all signatories do not sign the same counterparts. Original signatures are not required. Any signature submitted electronically, by facsimile, or through e-mail of an Adobe PDF shall be deemed an original.

112. **Notices**. All notices to Class Counsel provided for herein, shall be sent by overnight mail and email to:

Raina Borrelli (raina@straussborrelli.com)
**Strauss Borrelli PLLC**
980 N. Michigan Ave., Suite 1610
Chicago, Illinois 60611

William B. Federman (wbf@federmanlaw.com)
**Federman & Sherwood**
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120

All notices to BCLP provided for herein, shall be sent by overnight mail and email to:

Dan Warren (dwarren@bakerlaw.com)
Casie Collignon (ccollignon@bakerlaw.com)
Dante Marinucci (dmarinucci@bakerlaw.com)
Brittany Lockyer (blockyer@bakerlaw.com)
**Baker & Hostetler LLP**
127 Public Square, Suite 2000
Cleveland, Ohio 44114

All notices to Mondelēz provided for herein, shall be sent by overnight mail and email to:

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

    Yan Grinblat (yan.grinblat@us.dlapiper.com)
    Keara Gordon (keara.gordon@us.dlapiper.com)
    **DLA Piper LLP (US)**
    444 West Lake Street, Suite 900
    Chicago, Illinois 60606

All notices to Chicago IVF provided for herein, shall be sent by overnight mail and email to:

    Sharon Klein (sharon.klein@blankrome.com)
    Karin Shin (karen.shin@blankrome.com)
    Ana Tagvoryan (ana.tagvoryan@blankrome.com)
    **Blank Rome LLP**
    2029 Century Park East, 6th Floor,
    Los Angeles, CA 90067

The notice recipients and addresses designated above may be changed by written notice.

    113.   **Authority**. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

[SIGNATURES ON NEXT PAGE]

## SIGNATURES

_____
Michael Shields (Sep 30, 2024 15:07 EDT)
_____

Plaintiff

Date: 09/30/2024

_____
Daniel Berndt (Sep 27, 2024 14:24 CDT)
_____

Plaintiff

Date: ___

_____

Plaintiff

Date: ___

_____

Plaintiff

Date: ___

_____

Plaintiff

Date: ___

_____

Plaintiff

Date: ___

_____

Plaintiff

Date: ___

_____

Defendant Bryan Cave Leighton Paisner
LLP

By: _____

Title: _____

Date: ___

_____

Defendant Mondelēz Global LLC

By: _____

Title: _____

Date: ___

## SIGNATURES

_____
Plaintiff

Date: ____

_____
Daniel Berndt (Sep 27, 2024 14:24 CDT)
Plaintiff

Date: ____

_____
Plaintiff

Date: 09 / 30 / 2024

_____
Julio Perez
Plaintiff

Date: 10/2/2024 ____

_____
Plaintiff

Date: ____

_____
Plaintiff

Date: ____

_____
Plaintiff

Date: ____

_____
Defendant Bryan Cave Leighton Paisner
LLP

By: _____

Title: _____

Date: ____

_____
Defendant Mondelēz Global LLC

By: _____

Title: _____

Date: ____

## <u>SIGNATURES</u>

| | |
|---|---|
| _____ | _____ |
| Plaintiff | Defendant Bryan Cave Leighton Paisner LLP |
| Date: ____ | |
| | By: _____ |
| _____ | |
| Daniel Berndt (Sep 27, 2024 14:24 CDT) | Title: _____ |
| Plaintiff | |
| Date: ____ | Date: ____ |
| | |
| _____ | _____ |
| Plaintiff | Defendant Mondelēz Global LLC |
| Date: 09 / 30 / 2024 | By: _____ |
| | Title: _____ |
| _____ | |
| Deidra Clay | Date: ____ |
| 05D657E88C374DC... | |
| Plaintiff lateoctober30@gmail.com | |
| Date: ____ | |
| | |
| _____ | |
| Plaintiff | |
| Date: ____ | |
| | |
| _____ | |
| Plaintiff | |
| Date: ____ | |
| | |
| _____ | |
| Plaintiff | |
| Date: ____ | |

Page **30**

## **SIGNATURES**

_____
Plaintiff

Date: ____

_____
Daniel Berndt (Sep 27, 2024 14:24 CDT)
Plaintiff

Date: ____

_____
Plaintiff

Date: ____

_____
Plaintiff

Date: ____

_____
Plaintiff

Date: ____

_____
Plaintiff  Eric Flores

Date: 10/1/2024 ____

_____
Plaintiff  Rock Meyer

Date: 10/1/2024 ____

_____
Defendant Bryan Cave Leighton Paisner
LLP

By: _____

Title: _____

Date: ____

_____
Defendant Mondelēz Global LLC

By: _____

Title: _____

Date: ____

## SIGNATURES

_____

Plaintiff

Date: ___

_____

Plaintiff

Date: ___

_____

Plaintiff

Date: ___

_____

Plaintiff

Date: ___

_____

Plaintiff

Date: ___

_____

Plaintiff

Date: ___

_____

Plaintiff

Date: ___

Defendant Bryan Cave Leighton Paisner
LLP

By: Laura R. Giokas

Title: Global General Counsel

Date: October 1, 2024

_____

Defendant Mondelēz Global LLC

By: _____

Title: _____

Date: ___

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

## **SIGNATURES**

_____
Plaintiff

Date: ___


_____
Plaintiff

Date: ___


_____
Plaintiff

Date: ___


_____
Plaintiff

Date: ___


_____
Plaintiff

Date: ___


_____
Plaintiff

Date: ___


_____
Plaintiff

Date: ___

_____
Defendant Bryan Cave Leighton Paisner
LLP

By: _____

Title: _____

Date: ___


_____
Defendant Mondelēz Global LLC

By: Kevin Brennan
    _____

Title: Chief Counsel Litigation
      _____

Date: October 3, 2024
      ___

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

**Exhibits**

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

**Exhibit A**

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

<<Mail ID>>

BCLP/Mondelēz Settlement Administrator   **Your Claim Form Must Be Submitted**
[ADD ADDRESS and WEBSITE]               **Electronically or Postmarked by [ADD DATE]**

## CLAIM FORM

*In re Mondelēz Data Breach Litigation*, Master File No. 1:23-cv-03999
IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

**The CLAIMS DEADLINE to submit or mail this Claim Form is <mark>Month Day, 2024</mark>.**

### GENERAL INSTRUCTIONS

This litigation arose out of a data security incident perpetrated against Defendant Bryan Cave Leighton Paisner LLP ("BCLP"), which involved access to information relating to, *inter alia*, Mondelēz Global LLC ("Mondelēz") (collectively referred to as "Defendants" and together with Plaintiffs, the "Parties"). On or about February 27, 2023, BCLP became aware of potential unauthorized access to certain systems and data within its information technology network (the "Data Security Incident"). BCLP determined that a threat actor had accessed certain files related to BCLP's clients, including Mondelēz and Chicago IVF, that contained personally identifiable information or protected health information ("PII/PHI"). Plaintiffs allege that the Data Security Incident exposed individuals' PII/PHI to cybercriminals and that Defendants are liable to them and Class Members as a result. Defendants deny all claims of wrongdoing or liability that Plaintiffs, Settlement Class Members, or anyone else have asserted in this Litigation or may assert in the future based on the conduct alleged in the complaints.

You are a Settlement Class Member if you are among the approximately 53,252 individuals who were mailed a letter from Defendants or Chicago IVF stating that their information may have been impacted by the Data Security Incident. All Settlement Class Members are eligible to claim: (i) reimbursement for Documented Out-of-Pocket Losses up to $7,000, (ii) reimbursement of attested Lost Time for up to five (5) hours at twenty-five dollars ($25.00) per hour, (iii) up to three (3) years of three-bureau Credit Monitoring and Identity Theft Protection Services provided by Kroll, and/or (iv) in lieu of receiving reimbursement for Documented Out-of-Pocket Losses and/or reimbursement for Lost Time, Settlement Class Member may elect to receive an Alternative Cash Payment, which will be a *pro rata* cash payment from the Residual Settlement Fund. The amount of the Alternative Cash Payment available to all Settlement Class Members shall be determined *pro rata* based on the amount remaining in the Settlement Fund following payment of the Notice and Administrative Expenses, Taxes and Tax-Related Expenses, Approved Claim(s) for Out-of-Pocket Losses, Approved Claim(s) for Lost Time, Approved Claims for Credit Monitoring and Identity Theft Protection Services, Service Awards Payments approved by the Court, and Attorneys' Fee Award and Costs approved by the Court.

To receive Settlement benefits, you must complete and submit a claim online or by mail if you are a Settlement Class Member.

You must submit your claim online by the Claims Deadline of <mark>**Month Day, 2024**</mark>, or complete and mail this Claim Form, postmarked by <mark>**Month Day, 2024**</mark>.

Completed Claim Forms can be mailed to the following address:

BCLP/Mondelēz Settlement Administrator
P.O. Box <mark>XXXX</mark>
<mark>CITY, STATE XXXXX-XXXX</mark>

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

or submit your Claim online at
[WEBSITE]

This Claim Form should be used only if a Claim is being mailed and is not being filed online.

**PLEASE BE ADVISED** that any documentation you provide in support of your documented Out-of-Pocket Losses claim must be submitted **WITH** this Claim Form. No documentation beyond your attestation is required for claiming reimbursements of Lost Time. No documentation is required for claiming an Alternative Cash Payment or the Credit Monitoring and Identity Theft Protection Services.

**CLAIM VERIFICATION:** All Claims are subject to verification. You will be notified if additional information is needed to verify your Claim.

**ASSISTANCE:** If you have questions about this Claim Form, please visit the Settlement Website at [WEBSITE] for additional information or call [INSERT PHONE NUMBER].

**PLEASE KEEP A COPY OF YOUR CLAIM FORM AND PROOF OF MAILING FOR YOUR RECORDS.**

**Failure to submit required documentation, or to complete all parts of the Claim Form, may result in denial of the Claim, delay its processing, or otherwise adversely affect the Claim.**

For further information, including a copy of the Settlement Agreement, visit the Settlement Website at [WEBSITE].

## REGISTRATION

First Name:        MI:    Last Name:

Mailing Address:

City:             State:    ZIP Code:

Telephone Number:

Email Address:

**Please provide the Claim Number identified in the Notice that was emailed to you:**

*Instructions*. *Please follow the instructions below and answer the questions as instructed.*

## CLAIM INFORMATION

*Section A. Confirm Your Eligibility*

**Did you receive a unique Claim Number indicating that you may be a member of the Settlement Class**?
☐ Yes ☐ No

2

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

*If yes, continue to the next question. If no, you are not a member of the Settlement Class and do not qualify to file a Claim.*

### Section B. – Credit Monitoring and Identity Theft Protection Services.

Settlement Class Members may submit a claim for identity theft protection and credit monitoring services consisting of up-to three (3) years of Credit Monitoring and Identity Theft Protection Services by Kroll with three-bureau monitoring and at least $1,000,000 of fraud/identity theft insurance.

□ Yes, I would like to claim up to three (3) years of Credit Monitoring and Identity Theft Protection Services.

**You do NOT need to submit documentation to make a claim for Credit Monitoring and Identity Theft Protection Services.**

### Section C – Compensation for Lost Time

If you suffered costs or expenditures or lost time in response to the Data Security Incident, you may be eligible to receive a payment to compensate you for losses.
**Compensation for Lost Time:** If you wish to receive compensation for Lost Time, indicate the total number of hours you spent remedying issues related to the Data Security Incident, check the box below, sign, and submit this Claim Form. You may claim up to 5 hours payable at a rate of $25.00/per hour.

Total # Hours: __ (Insert number of hours)

□ I attest, swear, and affirm that I spent the amount of time noted in response to the Data Security Incident.

### Section D – Compensation for Unreimbursed Documented Out-of-Pocket Losses

Additionally, if it is verified that you meet all the criteria described in the Settlement Agreement and you submit proof of the dollar amount of those losses, you will be eligible to receive a payment compensating you for your losses of up to seven thousand dollars (**$7,000**). Examples of what can be used to prove your losses include: receipts, account statements, *etc.* You may also prove losses by submitting information on the claim form that describes the expenses and how they were incurred.

Providing adequate proof of your losses does not guarantee that you will be entitled to receive the full amount claimed. All claims will also be subject to an aggregate maximum payment amount, as explained in the Settlement Agreement. If the amount of losses claimed exceeds the maximum amount of money available under the Settlement Agreement, then the payment for your claim will be reduced on a pro rata basis. If you would like to learn more, please review the Settlement Agreement for further details.

**Did you suffer any financial expenses or other financial losses that you believe was as a result of the Data Security Incident? For example, did you sign up and pay for a credit monitoring service, hire and pay for a professional service to remedy identity theft, *etc.*, as a direct result of or attributed to the Data Security Incident?**

□ Yes □ No

*If yes, you may be eligible to fill out the rest of this form and provide corroborating documentation.*

For each loss that you believe can be traced to the Data Security Incident, please provide below a description of

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

the loss, the date of the loss, the dollar amount of the loss, and the type of documentation you will be submitting to support the loss. **You must provide this information for this Claim to be processed**. Supporting documentation must be submitted alongside this Claim Form.

**If you fail to provide sufficient supporting documents, the Settlement Administrator will deny your Claim.** Please provide only copies of your supporting documents and keep all originals for your personal files. The Settlement Administrator will have no obligation to return any supporting documentation to you. A copy of the Settlement Administrator's privacy policy is available at [website]. **Please do not directly communicate with Defendants regarding this matter. All inquiries are to be sent to the Settlement Administrator.**

Examples of unreimbursed documented Monetary Losses may include, without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Security Incident through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

Examples of documentation include receipts for identity theft protection services, etc.

| Description of the Loss | Date of Loss | Amount | Type of Supporting Documentation Submitted |
|---|---|---|---|
| Example: Unauthorized credit card charge that was not refunded | 0 7 - 1 7 - 2 0<br>M D Y<br>M D Y | $50.00 | Letter from Bank |
| Example: Fees paid to a professional to remedy a falsified tax return | 0 2 - 3 0 - 2 1<br>M D Y<br>M D Y | $25.00 | Copy of the professional services bill |
| | - -<br>M D Y<br>M D Y | $ . | |
| | - -<br>M D Y<br>M D Y | $ . | |
| | - -<br>M D Y<br>M D Y | $ . | |
| | - -<br>M D Y<br>M D Y | $ . | |
| | - -<br>M D Y<br>M D Y | $ . | |
| | - -<br>M D Y<br>M D Y | $ . | |
| | - -<br>M D Y<br>M D Y | $ . | |

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

| | M M - D D - Y Y | $ ☐☐☐☐ . ☐☐ | |
|---|---|---|---|
| | M M - D D - Y Y | $ ☐☐☐☐ . ☐☐ | |
| | M M - D D - Y Y | $ ☐☐☐☐ . ☐☐ | |
| | M M - D D - Y Y | $ ☐☐☐☐ . ☐☐ | |

By checking the below box, I hereby declare under penalty of perjury that the information provided in this Claim Form to support relief for unreimbursed Out-of-Pocket Losses is true and correct.

☐ **Yes, I understand that I am submitting this Claim Form and the affirmations it makes as to my seeking relief for unreimbursed documented Out-of-Pocket Losses under penalty of perjury. I further understand that my failure to check this box may render my Claim for Out-of-Pocket Losses null and void.**

## Section E – Alternative Cash Payment

**Cash Payment**: Would you like to receive an Alternative Pro Rata Cash Payment under the Settlement? ☐**Yes**

** The value of each cash payment under this option will be determined on a *pro rata* basis based on the balance of the Settlement Fund after the payment of Notice and Administrative Expenses, Taxes and Tax-Related Expenses, Approved Claim(s) for Out-of-Pocket Losses, Approved Claim(s) for Lost Time, Approved Claims for Credit Monitoring and Identity Theft Protection Services, Service Awards Payments approved by the Court, and Attorneys' Fee Award and Costs approved by the Court.

**You do NOT need to submit documentation to make a claim for an Alternative Cash Payment. If you choose an Alternative Cash Payment, you may <u>not</u> select reimbursement of Out-of-Pocket Losses or Lost Time.**

## Section F – Payment

**Please select the manner in which payment will be issued for your valid Claims.**

- PayPal*: ☐ _____ (PayPal Email Address)
- Venmo*: ☐ _____ (Venmo Email Address)
- Zelle*: ☐ _____ (Zelle Email Address)
- Paper Check via Mail: ☐ _____ (Mailing Address)

*If you select payment via PayPal, Venmo or Zelle, the email address entered on this form will be used to process the payment to your account linked to that email address.

## Section G – Settlement Class Member Affirmation

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

I declare under penalty of perjury that the information supplied in this claim form is true and correct. I authorize the Settlement Administrator to contact me, using the contact information set forth above, to obtain any necessary supplemental information.

By submitting this Claim Form, I certify that any documentation that I have submitted in support of my Claim consists of unaltered documents in my possession.

☐ **Yes, I understand that my failure to check this box may render my Claim null and void.**

Please include your name in both the Signature and Printed Name fields below.

Signature: _____

Print Name: _____

Date: _____

**IN ORDER TO BE VALID, THIS CLAIM FORM MUST BE MAILED BY OR RECEIVED ONLINE AT WEBSITE NO LATER THAN [CLAIMS DEADLINE].**

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

**Exhibit B**

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

███████████████████████████

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
*In re: Mondelēz Data Breach Litigation*, Master File No. 1:23-cv-03999

**If your data was accessed in the 2023 Data Security Incident
involving Bryan Cave Leighton Paisner LLP, Mondelēz Global LLC, and Chicago IVF you
may be eligible for a <u>CASH PAYMENT</u> or other benefits under a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.
You are not being sued.*

A proposed settlement has been reached in a class action lawsuit concerning a Data Security Incident perpetrated against Defendant Bryan Cave Leighton Paisner LLP ("BCLP"). On or about February 27, 2023, BCLP became aware of potential unauthorized access to certain systems and data within its information technology network (the "Data Security Incident"). BCLP investigated and determined that a threat actor had accessed certain files related to BCLP's clients, including Defendant Mondelēz Global LLC ("Mondelēz"; and collectively with BCLP, "Defendants") and Chicago IVF, that contained personally identifiable information and protected health information ("PII/PHI"). The Settlement would resolve a lawsuit in which Plaintiffs allege that the Data Security Incident exposed individuals' PII/PHI, including some combination of names; marital statuses, Social Security numbers, addresses, dates of birth, genders, employee identification numbers, retirement and/or thrift plan information, and PHI.

Defendants deny all claims of wrongdoing or liability that Plaintiffs, Settlement Class Members, or anyone else have asserted in this Litigation or may assert in the future based on the conduct alleged in the complaints. Mondelēz and BCLP maintain that they did nothing wrong. The Court has not decided who is right. Instead, the parties agreed to a compromise.

The Settlement offers payments and credit monitoring services to members of the Settlement Class. Settlement Class Members can claim the following Settlement Benefits:

(1) <u>Credit Monitoring and Identity Theft Protection Services:</u> All Settlement Class Members are eligible to enroll in up to three (3) years of Credit Monitoring and Identity Theft Protection Services.

(2) In addition to Credit Monitoring and Identity Theft Protection Services, Settlement Class Members may select one of the two following benefits:

    (a) <u>Reimbursement for Out-of-Pocket Losses and Lost Time:</u> All Settlement Class Members may claim compensation for documented Out-of-Pocket Losses up to a total of $7,000.00 per Settlement Class Member, as well as Lost Time up to five (5) hours reimbursed at a rate of $25.00 per hour or:

    (b) <u>Alternative Cash Payment:</u> Participating Settlement Class Members can elect to make a claim for a pro rata share of the Residual Settlement Fund.

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

If you are a Settlement Class Member, your options are:

| | |
|---|---|
| **SUBMIT A CLAIM FORM DEADLINE:** _____ | The only way to receive cash and/or other benefits from this Settlement is by submitting a valid and timely Claim Form.<br><br>You can submit your Claim Form online at www.WEBSITE.com or download the Claim Form from the Settlement Website and mail it to the Settlement Administrator. You may also mail the Settlement Administrator a paper copy of the Claim Form. |
| **DO NOTHING** | You will receive no payment and will no longer be able to sue Defendants or Chicago IVF over the claims resolved in the Settlement. |
| **EXCLUDE YOURSELF DEADLINE:** _____ | You may exclude yourself from this Settlement and keep your right to sue separately. If you exclude yourself, you will receive no Settlement Benefits. Exclusion instructions are provided in this notice. |
| **OBJECT DEADLINE:** _____ | If you do not exclude yourself, you may write to the Court to comment on or detail why you do not like the Settlement by following the instructions in this notice. The Court may reject your objection. You must still submit a Claim Form if you desire any monetary relief under the Settlement. |
| **ATTEND A HEARING:** _____ | Ask to speak in Court about the Settlement. You may ask the Court for permission to speak about your objection at the Final Approval Hearing. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court must give final approval to the Settlement before it takes effect, but it has not yet done so. No payments will be made until after the Court gives final approval and any appeals are resolved.

**Please review this notice carefully.** You can learn more about the Settlement by visiting **www.WEBSITE.com** or by calling 1-XXX-XXX-XXXX.

**Further Information about this notice and the Action**

| 1. | Why was this notice issued? |
|---|---|

Settlement Class Members are eligible to receive payment and/or credit monitoring and identity theft protection services from a proposed Settlement in the Action. The Court overseeing the Action authorized this Notice to advise Settlement Class Members about the proposed Settlement that will affect their legal rights. This notice explains certain legal rights and options Settlement Class Members have in connection with the Settlement.

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

**2. What is the Action about?**

The Action is a proposed class action lawsuit brought on behalf of the Settlement Class. The Settlement Class is defined by the Court as "the persons who are identified on the Settlement Class List, including all individuals who were sent notification by BCLP, Mondelēz, and Chicago IVF that their PII/PHI was or may have been compromised in the Data Security Incident." Excluded from the Settlement Class are: (i) the judges presiding over this Action and members of their direct families; and (ii) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline."

The PII/PHI alleged to have been exposed in the Data Security Incident includes some combination of names, marital statuses, Social Security numbers, addresses, dates of birth, genders, employee identification numbers, retirement and/or thrift plan information, and PHI.

The Action claims Defendants are legally responsible for the Data Security Incident and asserts various legal claims including negligence and breach of implied contract.

The Defendants deny that they did anything wrong. Instead, they have vigorously defended themselves. The Defendants, however, are entering into this settlement to avoid burdensome and costly litigation. The settlement is ***not*** an admission of wrongdoing by the Defendants.

**3. Why is the Action a class action?**

In a class action, one or more plaintiffs bring a lawsuit on behalf of others who have similar claims. Together, all these people are the "Class," and each individual is a "Settlement Class Member." There are seven Plaintiffs in this case: Michael Shields, Daniel Berndt, Julio Perez, Augustyn Wiacek, Deidra Clay, Eric Flores, and Rock Meyer. The Class in this case is referred to in this notice as the "Settlement Class."

The Honorable Jorge L. Alonso, United States District Court Judge of the Northern District of Illinois, is overseeing this case.

**4. Why is there a Settlement?**

Plaintiffs and Class Counsel have conducted an investigation into the facts and the law regarding the Action. The Plaintiffs and Class Counsel believe that the Settlement is fair, reasonable, and adequate, and beneficial to and in the best interests of Plaintiffs and the Settlement Class. The Court has not decided whether Plaintiffs' claims or Defendants' defenses have any merit, and it will not do so if the proposed Settlement is approved. Considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their respective interests. The Settlement does not mean that Defendants did anything wrong, or that the Plaintiffs and the Settlement Class would or would not win the case if it were to go to trial.

**<u>Terms of the Proposed Settlement</u>**

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

| 5. | Who is in the Settlement Class? |
|---|---|

The Settlement Class is defined by the Court as "the persons who are identified on the Settlement Class List, including all individuals who were sent notification by BCLP, Mondelēz, and Chicago IVF that their PII/PHI was or may have been compromised in the Data Security Incident."

Excluded from the Settlement Class are the judges presiding over this Action and members of their direct families, and Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

| 6. | What are the terms of the Settlement? |
|---|---|

The proposed Settlement would create a non-reversionary common fund amount of $750,000.00 that would be used to pay all costs of the Settlement, including: (i) payments to Settlement Class Members who submit valid claims, (ii) costs of administration and notice, (iii) any attorneys' fees and expenses awarded by the Court to Class Counsel (not to exceed one third of the total Settlement Fund, or $250,000.00 in attorneys' fees, and reasonable litigation expenses not to exceed $35,000.00), (iv) any Service Awards to the Plaintiffs awarded by the Court (not exceed $2,500 for each Class Representative), and (v) any taxes and tax-related expenses. The Settlement also releases all claims or potential claims of Settlement Class Members against Defendants or Chicago IVF arising from or related to the Data Security Incident, as detailed in the Settlement Agreement and Release.

| 7. | What claims are Settlement Class Members giving up under the Settlement? |
|---|---|

Any Settlement Class Member who does not file a timely Request for Exclusion in accordance with the Settlement Agreement and Release will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement. The claims that Settlement Class Members are releasing are described in the Settlement Agreement and Release.

### Settlement Benefits Available to Settlement Class Members

| 8. | What benefits can Settlement Class Members receive? |
|---|---|

Settlement Class Members who submit valid claims and any required documentation may receive one or more of the following, to be paid from the $750,000.00 Settlement Fund: (i) up to three (3) years of Credit Monitoring and Identity Theft Protection services, (ii) compensation for unreimbursed documented Out-of-Pocket Losses up to $7,000, (iii) compensation for attested Lost Time up to five (5) hours at $25.00 per hour, and (iv) an Alternative Cash Payment as an alternative to claiming compensation for Out-of-Pocket Losses and/or Lost Time.

The amount of the Alternative Cash Payments will be determined depending on how many valid claims are submitted, with the remainder of the Settlement Fund, following payment of (i) Notice and Administrative Expenses, (ii) Taxes and Tax-Related Expenses, (iii) Approved Claim(s) for

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

Out-of-Pocket Losses; (iv) Approved Claim(s) for Lost Time; (v) Approved Claims for Credit Monitoring and Identity Theft Protection Services; (vi) Service Awards Payments approved by the Court, and (vii) Attorneys' Fee Award and Costs approved by the Court, being divided proportionally among Settlement Class Members submitting valid claims for those awards, as explained further below in Question 11.

## 9. What are Unreimbursed Documented Out-of-Pocket Losses and Lost Time?

The Settlement Administrator, from the Settlement Fund, will provide compensation, up to a total of $7,000 per person who is a Participating Settlement Class Member, upon submission of a claim and supporting documentation, for documented out-of-pocket costs or expenditures that a Settlement Class Member actually incurred that are fairly traceable to the Data Security Incident, and that have not already been reimbursed by a third party. Documented Out-of-Pocket Losses may include, without limitation, the following: costs associated with credit monitoring or identity theft insurance purchased directly by the claimant; costs associated with requesting a credit report; costs associated with a credit freeze; costs associated with cancelling a payment card and/or obtaining a replacement payment card; costs associated with closing a bank account and/or opening a new bank account; postage, long-distance phone charges, express mail and other incidental expenses; unrefunded overdraft and/or overdraft protection fees; unrefunded late and/or missed payment fees and/or charges; unrefunded fraudulent charges occurring on or after February 23, 2023; and damages and costs associated with any stolen benefits or tax returns.

Participating Settlement Class Members with Documented Out-of-Pocket Losses must submit documentation supporting their claims. This can include receipts or other documentation not "self-prepared" by the claimant that document the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation.

All Settlement Class Members may submit a claim for reimbursement of attested Lost Time up to five (5) hours at twenty-five dollars ($25.00) per hour. Settlement Class Members can receive reimbursement of Lost Time with an attestation that the time spent was reasonably related to mitigating the effects of the Data Security Incident. Claims for Lost Time are capped at One-Hundred-Twenty-Five Dollars and Zero Cents ($125.00) per individual. Lost Time means time spent remedying issues related to the Data Security Incident.

## 10. What is the Alternative Cash Payment?

Every Settlement Class Member is eligible to claim an Alternative Cash Payment, which is a *pro rata* share of the Residual Settlement Fund, *i.e.*, the amounts remaining in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) Notice and Administrative Expenses, (ii) Taxes and Tax-Related Expenses, (iii) Approved Claim(s) for Out-of-Pocket Losses; (iv) Approved Claim(s) for Lost Time; (v) Approved Claims for Credit Monitoring and Identity Theft Protection Services; (vi) Service Awards Payments approved by the Court, and (vii) Attorneys' Fee Award and Costs approved by the Court.

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

To receive this benefit, participating Settlement Class Members must submit a valid claim form, but no documentation is required to make a claim. This benefit is only available for those Settlement Class Members who do not elect to make a claim for reimbursement of Documented Out-of-Pocket Losses or Lost Time.

The amount of the Cash Payments will be determined on a *pro rata* basis, depending upon the number of valid claims filed and the amount of funds available for these payments.

Eligibility for any award and the validity of your claim, including the Alternative Cash Payment, will be determined by the Settlement Administrator as outlined in Question 15.

| **11.** | **When and how will the amount of Settlement payments be adjusted?** |
|---|---|

The amounts paid for all Alternative Cash Payments will be determined depending on how many Settlement Class Members submit valid claims. The amount of this benefit shall be determined *pro rata* based on the amount remaining in the Settlement Fund following payment of (i) Notice and Administrative Expenses, (ii) Taxes and Tax-Related Expenses, (iii) Approved Claim(s) for Out-of-Pocket Losses; (iv) Approved Claim(s) for Lost Time; (v) Approved Claims for Credit Monitoring and Identity Theft Protection Services; (vi) Service Awards Payments approved by the Court, and (vii) Attorneys' Fee Award and Costs approved by the Court.

Class Members may receive both Credit Monitoring and Identity Theft Protection Services and an Alternative Cash Payment.

| **12.** | **What happens after all claims are processed and there are funds remaining?** |
|---|---|

Because the Alternative Cash Payments will be calculated as a *pro rata* share of the Residual Settlement Fund, it is anticipated that all Residual Settlement Funds will be initially distributed to the Settlement Class Members. If there are any uncashed checks or unredeemed electronic payments ninety (90) days after issuance, the Settlement Administrator shall undertake the following actions: (1) attempt to contact the Settlement Class Member by e-mail and/or telephone to discuss how to obtain a reissued check; (2) if those efforts are unsuccessful, make reasonable efforts to locate an updated address for the Settlement Class Member using advanced address searches or other reasonable methods; and (3) reissuing a check or mailing the Settlement Class Member a postcard (either to an updated address if located or the original address if not) providing information regarding how to obtain a reissued check. Any reissued Settlement Checks issued to Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and shall thereafter automatically be canceled by the Settlement Administrator if not cashed by the Settlement Class Members within that time.

| **13.** | **What is the Credit Monitoring and Identity Protection Services?** |
|---|---|

All Settlement Class Members can submit a claim for identity theft protection and credit monitoring services. This service includes up to three (3) years of credit monitoring and identity protection services provided by Kroll with three-bureau monitoring and at least $1,000,000 of fraud/identity theft insurance.

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

Class Members may combine a claim for Credit Monitoring and Identity Protection Services with either a claim for Alternative Cash Payment or with claims for reimbursement of Documented Out-of-Pocket Losses and/or compensation for Lost Time.

### Your Options as a Settlement Class Member

| **14.    If I am a Settlement Class Member, what options do I have?** |
|---|

If you are a Settlement Class Member, you do not have to do anything to remain in the Settlement. In order to receive payment from the Settlement, you must submit a valid Claim Form.

If you do not want to give up your right to sue Defendants or Chicago IVF about the Data Security Incident or the issues raised in this case, you must exclude yourself (or "opt out") from the Settlement Class. See Question 17 below for instructions on how to exclude yourself.

If you wish to object to the Settlement, you must remain a Settlement Class Member (*i.e.*, you may not also exclude yourself from the Settlement Class by opting out) and submit a written objection. See Question 20 below for instructions on how to submit an objection.

| **15.    What happens if I do nothing?** |
|---|

If you do nothing, you will get no award from this Settlement. Unless you exclude yourself, after the Settlement is granted final approval and the judgment becomes final, you will be bound by the judgment and you will never be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or Chicago IVF related to the claims released by the Settlement.

| **16.    Who decides my Settlement claim and how do they do it?** |
|---|

The Settlement Administrator will decide whether a Claim Form is complete and valid and includes all required documentation. The Settlement Administrator may require additional information from any claimant. Failure to timely provide all required information will invalidate a claim and it will not be paid.

| **17.    How do I exclude myself from the Settlement?** |
|---|

To opt out of the Settlement, you must submit a Request for Exclusion to the Settlement Administrator postmarked no later than sixty (60) days after the Notice Deadline. The Request for Exclusion must include the name of the proceeding, the individual's full name, individual's current address, individual's personal signature, and the words "Request for Exclusion" (or a comparable statement indicating that the individual does not wish to participate in the Settlement) at the top of the communication.

You must mail your request to this address:

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

**PO Box <mark>XXX</mark>**
**CITY, ST ZIP**

Your request must be submitted online or postmarked by **<mark>[OPT-OUT DEADLINE]</mark>.**

| 18. | If I exclude myself, can I receive any payment from this Settlement? |
|---|---|

No. If you exclude yourself, you will not be entitled to any award under the Settlement. However, you will also not be bound by any judgment in this Action.

| 19. | If I do not exclude myself, can I sue Defendants for the Data Security Incident later? |
|---|---|

No. Unless you exclude yourself, you give up any right to sue Defendants or Chicago IVF for the claims that this Settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you exclude yourself, do not submit a Claim Form requesting a payment.

| 20. | How do I object to the Settlement? |
|---|---|

All Settlement Class Members who do not opt-out from the Settlement Class have the right to object to the Settlement or any part of it. You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no Settlement Payments will be sent out and the Action will continue. If that is what you want to happen, you must object.

Any objection to the proposed Settlement must be in writing and your objection and any supporting papers must be mailed to this address:



**PO Box <mark>XXX</mark>**
**CITY, ST ZIP**

Your objection must be filed or postmarked no later than the objection deadline, [**<mark>OBJECTION DEADLINE</mark>**].

To be considered by the Court, your written objection must include: (i) the name of the proceeding; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her/their attorney) intends to appear at the Final Approval Hearing; and (vii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

7

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

If you submit a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

## Court Approval of the Settlement

| 22. | How, when, and where will the Court decide whether to approve the Settlement? |

The Court will hold a Final Approval Hearing to decide whether to approve the Settlement. That hearing is scheduled for _____, 202__ at _____ a.m./p.m. at the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604. At the Final Approval Hearing, the Court will consider whether the Settlement Agreement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and approves and directs consummation of this Settlement Agreement. If there are timely objections, the Court will consider them and will listen to people who have properly requested to speak at the hearing. The Court may also consider Class Counsel's request for attorneys' fees and costs and expenses, and the request for a service award for the Plaintiffs. After the hearing, the Court will decide whether to approve the Settlement.

It is possible the Court could reschedule the hearing to a different date or time without notice, so it is a good idea before the hearing to check [_____] to confirm the schedule if you wish to attend.

| 23. | Do I have to attend the hearing? |

No. You do not need to attend the hearing unless you object to the settlement and wish to appear in person. It is not necessary to appear in person in order to make an objection; the Court will consider any written objections properly submitted according to the instructions in Question 20. You or your own lawyer are welcome to attend the hearing at your expense, but are not required to do so.

| 24. | What happens if the Court approves the settlement? |

If the Court approves the Settlement and no appeal is taken, the Settlement Fund will be fully funded. The Settlement Administrator will pay any Fee Award and Expenses and any Plaintiffs' Service Awards from the Settlement Fund. Then, the Settlement Administrator will send Settlement Payments and Financial Account Monitoring Services to Settlement Class Members who submitted timely and valid Claim Forms.

If any appeal is taken, it is possible the settlement could be disapproved on appeal.

| 25. | What happens if the Court does not approve the settlement? |

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

If the Court does not approve the Settlement, there will be no Settlement Payments to Settlement Class Members, Class Counsel or the Plaintiffs, and the case will proceed as if no Settlement had been attempted.

### Lawyers for the Settlement Class and Defendants

| 26. | Who represents the Settlement Class? |
|---|---|

The Court has appointed the following Class Counsel to represent the Settlement Class in this Action:

| Class Counsel | |
|---|---|
| Gary M. Klinger<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**<br>227 W. Monroe Street, Suite 2100<br>Chicago, IL 60606 | A. Brooke Murphy<br>**MURPHY LAW FIRM**<br>4116 Will Rogers Pkwy, Suite 700<br>Oklahoma City, OK 73108 |
| Raina C. Borrelli<br>**STRAUSS BORRELLI, PLLC**<br>980 N. Michigan Ave, Suite 1610<br>Chicago, IL 60611 | William B. Federman<br>**FEDERMAN & SHERWOOD**<br>10205 N. Pennsylvania Avenue<br>Oklahoma City, OK 73120 |

Settlement Class Members will not be charged for the services of Class Counsel. Class Counsel will be paid out of the Settlement Fund, subject to Court approval. However, you may hire your own attorney at your own cost to advise you in this matter or represent you in making an objection or appearing at the Final Approval Hearing.

| 27. | How will the lawyers for the Settlement Class be paid? |
|---|---|

Class Counsel will file a Fee and Expense Application for an award of attorneys' fees to be paid from the Settlement Fund not to exceed one-third (1/3) of the value of the Settlement, or $250,000.00, and also reimbursement of litigation expenses up to $35,000.00. Class Counsel will file a Fee Application that will include a request for Service Award payments for the Settlement Class Representatives in recognition for their contributions to this Action not to exceed $2,500 per Plaintiff.

| 28. | Who represents Defendants in the Action? |
|---|---|

Defendants are represented by the following counsel:

| BCLP'S Counsel |
|---|

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

Daniel R. Warren
Casie D. Collignon
Dante A. Marinucci
**Baker & Hostetler LLP**
127 Public Square, Suite 2000
Cleveland, OH 44114

| **Mondelēz Counsel** |
|---|
| Keara M. Gordon<br>**DLA Piper LLP (US)**<br>1251 Avenue of the Americas<br>New York, New York 10020<br><br>Yan Grinblat<br>**DLA Piper LLP (US)**<br>444 W. Lake Street, Suite 900<br>Chicago, Illinois 60606 |

## For Further Information

| **29.    What if I want further information or have questions?** |
|---|

Go to www.WEBSITE.com, call 1-XXX-XXX-XXXX, or write to the Mondelēz/BCLP Settlement Administrator, PO Box XXXX, CITY, STATE, ZIP.

**Please do not contact the Court or Defendants' Counsel.**

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

**Exhibit C**

DocuSign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

**BCLP/Mondelēz Settlement Administrator**
PO Box XXXXX
CITY, STATE 70821

**ELECTRONIC SERVICE REQUESTED**

SETTLEMENT CLAIM [ID]
[FIRST NAME] [LAST NAME]
[ADDRESS]
[ADDRESS]
[CITY] [STATE] [ZIP]

<u>Legal Notice</u>

*In re: Mondelēz Data Breach Litigation*, Master File No. 1:23-cv-03999

**If your data was accessed in the 2023 Data Security Incident
involving Bryan Cave Leighton Paisner LLP, Mondelēz Global LLC, and Chicago IVF,
you may be eligible for a <u>CASH PAYMENT</u> or other benefits under a class action settlement.**

*A Federal Court has authorized this Notice. This is **not** a solicitation from a lawyer*

For more information on the proposed settlement, including how to submit a claim, exclude yourself, or submit an objection, please visit www. Website.com
or call 1-XXX-XXX-XXXX.

Docusign Envelope ID: 9D6AF66B-77C8-49BF-9FEE-E0C4E16452AE

A settlement has been reached in a class action lawsuit concerning a Data Security Incident perpetrated against Defendant Bryan Cave Leighton Paisner LLP ("BCLP"). On or about February 27, 2023, BCLP became aware of potential unauthorized access to certain systems and data within its information technology network (the "Data Security Incident"). BCLP investigated and determined that a threat actor had accessed certain files related to BCLP's clients, including Defendant Mondelēz Global LLC ("Mondelēz," and collectively with BCLP, "Defendants") and Chicago IVF, that contained personally identifiable information and protected health information ("PII/PHI"). The Settlement would resolve a lawsuit in which Plaintiffs allege that the Data Security Incident exposed individuals' PII/PHI. Defendants deny all claims of wrongdoing or liability that Plaintiffs, Settlement Class Members, or anyone else have asserted in this Litigation or may assert in the future based on the conduct alleged in the complaints.

**Who is included in the Settlement?** The Settlement Class is defined by the Court as "the persons who are identified on the Settlement Class List, including all individuals who were sent notification by BCLP, Mondelēz, and Chicago IVF that their PII/PHI was or may have been compromised in the Data Security Incident."

**What are the settlement benefits?** Settlement Class Members who submit valid claims and any required documentation may receive one or more of the following, to be paid from the $750,000 Settlement Fund: (i) up to three (3) years of Credit Monitoring and Identity Theft Protective Services, (ii) Compensation for Unreimbursed Documented Out-of-Pocket Losses up to $7,000, (iii) Compensation for Lost Time up to five (5) hours at $25.00 per hour, and (iv) a pro rata cash payment as an alternative to claiming reimbursement for Out-of-Pocket Losses and/or compensation for lost time. Visit the settlement website or call the toll-free number below for complete benefit details.

**How do I receive a payment or other benefit?** To receive any payments or benefits under the Settlement, you **MUST** submit a claim. To submit a claim, you may either: (i) fill out, detach, and mail the attached Postcard Claim Form to the Settlement Administrator, or (ii) submit a Claim Form by mail or online at www.website.com. You may also call [InsertPhoneNumber] to request that a Claim Form be mailed to you. **Claims must be submitted online or postmarked by [ ], 202_.** The detailed Notice explains how to submit a Claim Form, exclude yourself, or object.

**Do I have a Lawyer in this Case?**

Yes, the Court appointed Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC, A. Brooke Murphy of the Murphy Law Firm, Raina C. Borelli of Strauss Borelli, PLLC, and William B. Federman of Federman & Sherwood as counsel for the Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

**What are my other options?**
If you **Do Nothing**, you will be legally bound by the terms of the Settlement, and you will release your claims against Defendants and other Released Parties as defined in the Settlement Agreement. If you do not want to be legally bound by the Settlement, you must **Exclude Yourself** by [ ], 202_, or you will not be able to sue the Defendants or any other Released Parties for released claims relating to the Data Security Incident. If you exclude yourself, you cannot get money or benefits from this Settlement. If you want to **Object** to the Settlement, you may file an objection by [ ], 202_. The detailed Notice explains how to submit a Claim Form, exclude yourself, or object.

**When will the Court decide whether to approve the Settlement?** The Court will hold a hearing in this case on [ ], 202_ at the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 to consider whether to approve the Settlement. The Court will also consider Class Counsel's request for attorneys' fees of up to one-third of the Settlement Fund (or $250,000) and reimbursement of litigation expenses for litigating the case up to $35,000 and negotiating the Settlement on behalf of the Class, and service awards of up to $2,500 for each of the Plaintiffs. You may attend the hearing, but you do not have to.

For more information, call toll-free [InsertPhoneNumber] or visit www.website.com and read the detailed Notice.

*In re: Mondelez Data Breach Litigation*, Master File No. 1:23-cv-03999

## POSTCARD CLAIM FORM -- MEMBER ID: [claim Id]

To submit a claim for Credit Monitoring, Reimbursement for Lost Time, and/or an Alternative Cash Payment, please complete the **below form**, sign, and mail this portion of the postcard to the Settlement Administrator **by no later than** _____, **202__**. Please complete the claim form for each category of benefits that you would like to claim. **You may either claim Reimbursement for Lost Time *or* an Alternative Cash Payment.**

*Note:* Claims for unreimbursed Out-of-Pocket Losses require supporting documentation and therefore must be submitted online at www.website.com or mailed to the Settlement Administrator with a separate Claim Form.

### Contact Information (*Please fill in completely:*)

Name: _____                    Telephone Number: _____

Address: _____

City, State, Zip Code: _____

Email Address: _____

### Identity Theft Protection and Credit Monitoring

☐ I would like to claim three (3) years of credit monitoring and identity theft protection provided by Kroll at no cost to me.

### Reimbursement for Lost Time

☐ I would like to receive reimbursement for up to 5 hours of time responding to the Data Security Incident at a rate of $25 per hour.

I spent a total of: ☐ 1 Hour ($25.00) ☐ 2 Hours ($50.00) ☐ 3 Hours ($75.00) ☐ 4 Hours ($100.00) ☐ 5 Hours ($125.00)

☐ I attest and affirm to the best of my knowledge and belief that any claimed lost time was spent related to the data breach.

### Alternative Cash Payment

☐ I would like to receive an alternative cash payment *instead of* seeking reimbursement for Out-of-Pocket Losses or Lost Time.

### SIGN AND DATE YOUR CLAIM FORM

I declare under penalty of perjury that the information supplied in this claim form is true and correct. I authorize the Settlement Administrator to contact me, using the contact information set forth above, to obtain any necessary supplemental information.

Signature: _____                    Print Name: _____

The deadline to submit this form is _____, 202__          Date (mm/dd/yyyy): _____          Questions? Visit www.WEBSITE.com or call (   )

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

**Exhibit D**

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **IN RE: MONDELEZ DATA BREACH LITIGATION** | Master File No.: 1:23-cv-03999 |
| This Document Relates To: All Actions | |

### [PROPOSED] PRELIMINARY APPROVAL ORDER

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement **(Doc. No. ___)** (the "Motion"), the terms of which are set forth in a Settlement Agreement and Release between Plaintiffs and Defendants Bryan Cave Leighton Paisner LLP ("BCLP") and Mondelēz Global LLC ("Mondelēz," together with BCLP, collectively referred to as "Defendants") (together with Plaintiffs, the "Parties"), with accompanying exhibits attached as **Exhibit 1** to Plaintiffs' Memorandum of Law in Support of their Motion (the "Settlement Agreement").[1]

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

1. **Class Certification for Settlement Purposes Only**. The Settlement Agreement provides for a Settlement Class defined as follows:

> The persons who are identified on the Settlement Class List, including all individuals who were sent notification by BCLP, Mondelēz, and Chicago IVF that their PII/PHI was or may have been compromised in the Data Security Incident.

---

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

Excluded from the Settlement Class are the judges presiding over this Action and members of their direct families, and Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

Pursuant to Federal Rule of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and the Class Representatives seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Action on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Action.

2. **Settlement Class Representatives and Settlement Class Counsel**. The Court finds that Plaintiffs will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Class Representatives. Additionally, the Court finds that Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, A. Brooke Murphy of the Murphy Law Firm, Raina C. Borelli of Strauss Borrelli, PLLC, and William B. Federman of Federman and Sherwood will

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

3. **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arm's length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the Settlement treats the Settlement Class Members equitably, and all of the other factors required by Rule 23 and relevant case law.

4. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

5. **Final Approval Hearing.** A Final Approval Hearing shall be held on _____, 202___, at the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, where the Court will determine, among other things, whether: (a) this Action should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who

have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) the application of Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Class Representatives for a Service Award should be approved.

6. **Claims Administrator**. The Court appoints Kroll Settlement Administration ("Kroll") as the Claims Administrator, with responsibility for class notice and settlement administration. The Claims Administrator is directed to perform all tasks the Settlement Agreement requires. The Claims Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7. **Notice**. The proposed notice program set forth in the Settlement Agreement and Claim Form and the Notices attached to the Settlement Agreement as **Exhibits A, B, and C** are hereby approved. Non-material modifications to these Exhibits may be made by the Claims Administrator in consultation and agreement with the Parties, but without further order of the Court.

8. **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving notice to the Settlement Class as described in the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

Civil Procedure 23(c); and (e) meet the requirements of the Due Process Clause(s) of the United States and Illinois Constitutions. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Claims Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

9.    **Class Action Fairness Act Notice**. Within ten (10) days after the filing of this Settlement Agreement with the Court, the Claims Administrator acting on behalf of Defendants shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10.    **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit a valid and timely Request for Exclusion. Valid Settlement Class Member Requests for Exclusion must be submitted to the Settlement Administrator postmarked no later than sixty (60) days after the Notice Deadline. The Request for Exclusion must include the name of the proceeding, the individual's full name, individual's current address, individual's personal signature, and the words "Request for Exclusion" (or a comparable statement indicating that the individual does not wish to participate in the Settlement) at the top of the communication.

If Defendants void the Settlement Agreement according to its terms, Defendant will be obligated to pay the Administration and Notice Costs incurred up to the date the right to cancel or terminate is exercised and shall not, at any time, seek recovery of same from any other party to the Action or from counsel to any other party to the Action.

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

The Claims Administrator shall promptly furnish to Class Counsel and to Defendants' counsel a complete list of all timely and valid Requests for Exclusion.

If a Final Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not submit valid and timely requests to be excluded from the Settlement Class shall be bound by the terms of the Settlement Agreement and the Final Order and Judgment. All Persons who submit valid and timely requests to be excluded from the Settlement Class shall not receive any benefits of and/or be bound by the terms of the Settlement Agreement.

11.     **Objections and Appearances**. A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Deadline and as stated in the Postcard Notice and Long Form Notice. The Long Form Notice and the Settlement Website shall instruct Settlement Class Members who wish to object to the Settlement Agreement to send their written objections to the Claims Administrator at the address indicated in the Long Form Notice. The Long Form Notice shall advise Settlement Class Members of the deadline for submission of any objections—the Objection Deadline—which is no later than sixty (60) days after the Notice Deadline. Any such notices of an intent to object to the Settlement Agreement must be written and must include: (i) the name of the proceeding; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement that states with specificity the grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her/their attorney) intends to appear at the Final Approval

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

Hearing; and (vii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights they may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action. The provisions stated in Section X of the Settlement Agreement shall be the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

12. **Claims Process**. Settlement Class Counsel and Defendants have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice Plan.

The Claims Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Long Form Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Long Form Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

13. **<u>Termination of Settlement</u>**. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; (c) there is no Effective Date; or (d) otherwise consistent with the terms of the Settlement Agreement. In such event, (i) the Parties shall be restored to their respective positions in the Action and shall jointly request that all scheduled Action deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

14. **<u>Use of Order</u>**. This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Action or in any other lawsuit.

15. **<u>Continuance of Hearing</u>**. The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class.

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

16. **Stay of Action.** All proceedings in the Action, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

17. **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

**SETTLEMENT TIMELINE**

| **Grant of Preliminary Approval** | |
|---|---|
| Defendants provide list of Settlement Class Members to the Settlement Administrator | 7 days after Preliminary Approval |
| Notice Deadline | 30 days after Preliminary Approval. |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award | 14 days before Opt-Out and Objection Deadlines |
| Objection Deadline | 60 days after Notice Deadline |
| Opt-Out Deadline | 60 days after Notice Deadline |
| Claims Deadline | 90 days after Notice Deadline |
| **Final Approval Hearing** | 100 days after Preliminary Approval Order (at minimum) |
| Motion for Final Approval | 14 days before Final Approval Hearing Date |
| Settlement Administrator Provide Notice of Opt-Outs and/or Objections | 14 days before Final Approval Hearing Date |

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

SO ORDERED THIS _____ DAY OF _____, 2024.


_____
Hon. Jorge L. Alonso
United States District Court Judge

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

**Exhibit E**

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: MONDELEZ DATA BREACH LITIGATION | Master File No.: 1:23-cv-03999 |
| This Document Relates To: All Actions | |

**[PROPOSED] FINAL APPROVAL ORDER**

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval"). The Motion seeks approval of the Settlement as fair, reasonable, and adequate. Also before the Court is Plaintiffs' Motion for Attorneys' Fees, Costs, and Expenses to Class Counsel, and Service Award to Plaintiffs ("Motion for Attorneys' Fees").

 Having reviewed and considered the Settlement Agreement, Motion for Final Approval, and Motion for Attorneys' Fees, and having conducted a Final Fairness Hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

**WHEREAS**, on _____[DATE], the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (ECF. No. __) which, among other things: (a) conditionally certified this matter as a class action, including defining the class and class claims; (b) appointed Plaintiffs as the Class Representatives and appointed Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, A. Brooke Murphy of the Murphy Law Firm, Raina C. Borelli of Strauss Borrelli, PLLC, and William B. Federman of Federman and Sherwood as Class Counsel; (c) preliminarily approved the Settlement Agreement; (d) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for opt-

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

outs and objections; (e) approved and appointed Kroll Settlement Administration ("Kroll") as the Settlement Administrator; and (f) set the date for the Final Fairness Hearing;

**WHEREAS**, on _____ [DATE], pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Fairness Hearing;

**WHEREAS**, on _____ [DATE], the Court held a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Prior to the Final Fairness Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order. The Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Fairness Hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees, costs, and expenses to Class Counsel, and the payment of a Service Award to the Class Representative;

**WHEREAS**, the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS**, the Court is required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Defendants, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Settlement Class Counsel for attorneys' fees, costs, and expenses, and the application for a Service Award to the Representative Plaintiffs, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS ORDERED** that:

1.      The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2.      The Settlement involves allegations in Plaintiffs' Complaint against Defendants for failure to implement or maintain adequate data security measures and safeguards to protect personal information, which Plaintiffs allege directly and proximately caused injuries to Plaintiffs and Settlement Class Members.

3.      The Settlement does not constitute an admission of liability by Defendants, and the Court expressly does not make any finding of liability or wrongdoing by Defendants.

4.      Unless otherwise indicated, words spelled in this Order and Judgment Granting Final Approval of Class Action Settlement ("Final Order and Judgment") with initial capital letters have the same meaning as set forth in the Settlement Agreement.

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

5.      The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and for purposes of the Settlement Agreement and this Final Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> The persons who are identified on the Settlement Class List, including all individuals who were sent notification by BCLP, Mondelēz, or Chicago IVF that their PII/PHI was or may have been compromised in the Data Security Incident.

Excluded from the Settlement Class are the judges presiding over this Action and members of their direct families, and Settlement Class Members who submitted a valid Request for Exclusion prior to the Opt-Out Deadline.

6.      The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

7.      The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

> a.      Claims Administration as outlined in the Settlement Agreement whereby Settlement Class Members can submit claims that will be evaluated by a Settlement Administrator.

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

      b.      Defendants to pay all costs of Claims Administration from the Settlement Fund, including the cost of the Settlement Administrator, instituting Notice, processing and administering claims, and preparing and mailing checks.

      c.      Defendants to pay, subject to the approval and award of the Court, the reasonable attorneys' fees, costs, and expenses of Class Counsel and Service Awards to the Class Representative from the Settlement Fund.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that, because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

8.      The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, the Final Fairness Hearing, Plaintiffs' application for attorneys' fees, costs, and expenses, and the Service Award payment to the Class Representatives have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

9.      The Court finds that the notice program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law

10. The Court finds that Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11. Due and adequate notice having been given to the Settlement Class, it is hereby determined that the Class Representative and each and every Person within the definition of the Settlement Class, except those who filed timely and valid Requests for Exclusion, and are identified in the reports filed with this Court by the Settlement Administrator, are bound by the Settlement Agreement and this Final Order and Judgment and are hereby permanently barred and enjoined from commencing or prosecuting any action or proceeding in any court or tribunal asserting that Mondelēz and BCLP, and their subsidiaries, predecessors, successors, and assigns, and any or all of the entities' present and former, direct and indirect, parents, subsidiaries, divisions, corporate affiliates, or associates of any of the above; and the present and former principals, partners, officers, directors, control persons, employees, agents, attorneys, shareholders, advisors, assigns, and representatives of any of the above have any liability to any Settlement Class Member for any of the Released Claims, as defined in the Settlement Agreement.

12. As of the Opt-Out deadline, _____ potential Settlement Class Members have requested to be excluded from the Settlement. Those persons are not bound by the Settlement Agreement and this Final Order and Judgment and shall not be entitled to any of the benefits afforded to the Settlement Class Members under the Settlement Agreement, as set forth in the Settlement Agreement.

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

12.        �no objections were filed by Settlement Class Members. The Court has considered all objections and finds the objections do not counsel against Settlement Agreement approval, and the objections are hereby overruled in all respects.

13.        All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

14.        The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Fairness Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

15.        The Parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the Settlement in accordance with this Final Order and Judgment and the terms of the Settlement Agreement.

16.        Pursuant to the Settlement Agreement, Defendants, the Claims Administrator, and Class Counsel shall implement the Settlement in the manner and timeframe as set forth therein.

17.        Within the period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

18.        Pursuant to and as further described in the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims as follows:

Upon the Effective Date, and in consideration of the Settlement benefits described herein, each Releasing Party shall be deemed to have released, acquitted, and forever discharged Defendants and each of the Released Parties from any and all Released Claims.

Released Claims" means any and all claims or causes of action of every kind and description, including any causes of action in law, claims in equity, complaints, suits or

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses) that the Releasing Parties had or have (including, but not limited to, assigned claims and any and all "Unknown Claims" as defined below) that have been or could have been asserted in the Action or in any other action or proceeding before any court, arbitrator(s), tribunal or administrative body (including but not limited to any state, local or federal regulatory body), regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether they are known or unknown, foreseen or unforeseen, suspected or unsuspected, or fixed or contingent, arising out of, or related or connected in any way with the claims or causes of action of every kind and description that were brought, alleged, argued, raised or asserted in any pleading or court filing in the Action, including but not limited to those concerning: (1) the alleged access, disclosure and/or acquisition of Settlement Class Members' PII/PHI in the Data Security Incident; (2) Defendants' or the Released Parties' maintenance of Settlement Class Members' PII/PHI as it relates to the Data Security Incident; (3) Defendants' or the Released Parties' information security policies and practices as it relates to the Data Security Incident; and/or (4) Defendants' or the Released Parties' provision of notice to Settlement Class Members following the Data Security Incident.

21.     As of the Effective Date, the Named Plaintiffs and each of the members of the Settlement Class who have not timely requested exclusion from the Settlement Class, and each of their respective successors, assigns, legatees, heirs, and personal representatives, will be deemed to have released the Released Parties of all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages,  charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known claims or unknown claims, in law or equity, fixed or contingent, which they have or may have arising out of or relating to any of the acts, omissions, or other conduct that was or could have been alleged or otherwise referred to in this Action, relating to (1) the alleged access, disclosure and/or acquisition of Settlement Class Members' PII/PHI in the Data Security Incident; (2) Defendants' or the Released Parties' maintenance of Settlement Class Members' PII/PHI as it relates to the Data

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

Security Incident; (3) Defendants' or the Released Parties' information security policies and practices as it relates to the Data Security Incident; and/or (4) Defendants' or the Released Parties' provision of notice to Settlement Class Members following the Data Security Incident.

22.     After entering into this Settlement, the Settlement Class Members and/or Named Plaintiffs may discover facts other than, different from, or in addition to, those that they know or believe to be true with respect to the claims released by this Settlement, but they intend to release fully, finally and forever any and all such claims.

23.     The Court grants final approval to the appointment of Plaintiffs as Class Representatives. The Court concludes that Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

22.     Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves a payment to the Class Representatives in the amount of $_____, each as a Service Award. These Service Awards shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

23.     The Court grants final approval to the appointment of M Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, A. Brooke Murphy of the Murphy Law Firm, Raina C. Borelli of Strauss Borrelli, PLLC, and William B. Federman of Federman and Sherwood as Class Counsel. The Court concludes that Class Counsel has adequately represented the Settlement Class and will continue to do so.

24.     The Court, after careful review of the fee petition filed by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's application for attorneys' fees in the amount of $_____. Reimbursement of reasonable costs and

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

expenses of $_____ are also hereby awarded. Payment shall be made pursuant to the terms of the Settlement Agreement.

25.     This Final Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendants of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendants or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the lawsuit. This Final Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Order and Judgment may be filed in any action by Defendants, Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Order and Judgment (including, but not limited to, enforcing the releases contained herein). The Settlement Agreement and Final Order and Judgment shall not be construed or admissible as an admission by Defendants that Plaintiffs' claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Order and Judgment.

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

26.     If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Order and Judgment and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any  purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in the Action, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled Action deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel. Further, in such event, Defendants will pay amounts already billed or incurred for costs of notice to the Settlement Class, and Claims Administration, and will not, at any time, seek recovery of same from any other Party to the Action or from counsel to any other Party to the Action.

28.     Without affecting the finality of this Final Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

29.     This Order resolves all claims against all Parties in this action and is a final order.

30.     The matter is hereby dismissed with prejudice and without costs except as provided in the Settlement Agreement.

Docusign Envelope ID: 9D6AF66B-77CB-49BF-9FEE-E0C4E16452AE

SO ORDERED THIS _____ DAY OF _____, 202\_.

_____
Hon. Jorge L. Alonso
United States District Court Judge